**In re GRACO CHILDREN'S PRODUCTS, INC., Newell Rubbermaid Inc., Relator.**

No. 05–0479.

Supreme Court of Texas.

Oct. 27, 2006.

---

Joseph J. Krasovec III, Schiff Hardin LLP, Chicago, IL, Jose E. Garcia, Ted Rodriguez Jr., Garcia & Villarreal, LLP, McAllen, for Graco Children's Products, Inc.

Patricia J. Kerrigan, Werner & Kerrigan, L.L.P., Houston, for Graco Children's Products, Inc., Newell Rubbermaid, Inc., Burlington Coat Factory Warehouse Corp., Burlington Coat Factory Warehouse of Brownsville, Inc.

Kevin M. Beiter, Patrick K. Sheehan, Hornberger Sheehan Fuller & Beiter, Inc., San Antonio, Francisco J. Rodriguez, Rodriguez Tovar & De Los Santos, LLP, McAllen, for Patricia Galnares.

Sean F. O'Neill, Law Offices of Sean F. O'Neill, San Antonio, for Patricia Galnares, Michael Anthony Galnares, Antonio Galnares, Jr., and Eleuteria Galnares.

PER CURIAM.

We review once again a trial court's order compelling production of thousands of documents that, while they might be very relevant in some other suit, have nothing to do with this one. As we have on such occasions before, we conditionally grant the petition for writ of mandamus.

Patricia Galnares was driving on Interstate 55 near McComb, Mississippi when she veered off the road, overcorrected, and caused her Jeep Liberty to roll over. She

and her 13–year–old brother Antonio suffered no permanent injury as they were wearing seatbelts. But her newborn five-week-old son Michael was found on the front seat floorboard with fatal head injuries.

Galnares sued Graco Children's Products, Inc. in Hidalgo County, alleging that defects in the harness clip of the baby's car seat failed to restrain him in the rollover. Graco's defense is that immediately after the accident investigating officers found the harness unbuckled, and that Antonio reported at the scene and later at the hospital that the baby was sitting unrestrained on the front seat while Galnares fed him.

Two weeks before trial in April 2005, the Consumer Products Safety Commission announced a provisional settlement with Graco imposing a $4 million civil penalty—the largest in the agency's history—for failing to report defects in more than a dozen products, including high chairs, swings, strollers, toddler beds, and infant carriers. The announcement listed defects such as swing trays that came unlocked, infant carrier handles that broke, high chair legs that failed, and bed slats that could entangle an infant's limbs. None of the products had five-point harnesses. None mentioned defective harness buckles. While an infant carrier was included, the defect cited was a carrying handle used only when walking, not driving.

Nevertheless, Galnares's attorneys immediately served a notice of deposition and a Fourth Request for Production on Graco, seeking 20 categories of documents including anything that mentioned or referred to any of the defects, products, complaints, or people who might have been involved with those products or the investigation. Graco objected, pointing out that the announcement had nothing to do with the carrier or defect alleged in Galnares's suit, and would involve about 20,000 pages of documents located in Pennsylvania, Ohio, and Illinois.

After two hearings, the trial court ordered Graco to produce two representatives for deposition as well as all the documents Galnares requested. The Thirteenth Court of Appeals denied relief. —— S.W.3d ——, 2005 WL 1405779 (Tex.App.-Corpus Christi 2005).[1]

■■■ "Generally, the scope of discovery is within the trial court's discretion," but "the trial court must make an effort to impose reasonable discovery limits." *In re CSX Corp.,* 124 S.W.3d 149, 152 (Tex.2003). "[An] order that compels overly broad discovery well outside the bounds of proper discovery is an abuse of discretion for which mandamus is the proper remedy." *Dillard Dep't Stores, Inc. v. Hall,* 909 S.W.2d 491, 492 (Tex.1995) (citation omitted).

We have granted mandamus in several product-liability cases when a discovery order covered products the plaintiff never used. In *In re American Optical Corp.,* we reversed a discovery order regarding respiratory equipment the plaintiffs never alleged they used. 988 S.W.2d 711, 713 (Tex.1998). In *Texaco, Inc. v. Sanderson,* we reversed a discovery order regarding substances to which the plaintiffs never alleged exposure. 898 S.W.2d 813, 814 (Tex.1995). In *General Motors Corp. v. Lawrence,* we reversed a discovery order

---

1. While Graco's petition for mandamus was pending in this Court, the trial court conducted another hearing and held that Graco waived any privileges to production by objecting to all the plaintiff's requests rather than each one individually. The Thirteenth Court reversed, noting that privilege objections are not required in an initial response, and that including them "did not waive any privileges." *In re Graco Children's Products, Inc.,* 173 S.W.3d 600, 605 (Tex.App.-Corpus Christi 2005) (citing Tex. R. Civ. P. 193.2(f)).

regarding vehicles without the fuel filler-neck that was allegedly defective. 651 S.W.2d 732, 734 (Tex.1983). In this case, there is again no apparent connection between the alleged defect and the discovery ordered.

Galnares argues that she is not required to take Graco's word that its swings, high chairs, and other products did not have harnesses like the one at issue here. But even if that were not obvious from the pictures and descriptions in the agency announcement, there are ways to find out without producing 20,000 documents. *See In re CSX Corp.*, 124 S.W.3d at 153 ("A central consideration in determining overbreadth is whether the request could have been more narrowly tailored to avoid including tenuous information...."). As her requests were not reasonably tailored to the relevant product defect, they were impermissibly overbroad.

■ Galnares asserts two reasons for production even if the sanctioned defects had nothing to do with hers. First, she says she needs discovery to show Graco did not test any of its products for rollovers. But Graco conceded as much regarding her car seat, so that issue is not rendered more or less probable if Graco also failed to do rollover testing of high chairs or strollers. *See* Tex. R. Evid. 401 (defining "relevant evidence" as that with any tendency to make consequential facts more or less probable).

■ Second, she asserts that the "centerpiece" of Graco's defense is its "partnership" with government agencies, during which it alleges that it never heard of children slipping from a five-point harness in a rollover. We agree that Graco cannot defend this case by proving it is generally a good corporate citizen, any more than Galnares can prosecute it by proving otherwise. *See* Tex.R. Evid. 404 (providing that party's character or other acts are inadmissible to prove "action in conformity therewith on a particular occasion"). But while a corporate defendant's "state of mind" about a particular product may be discoverable, we have rejected attempts to extend that inquiry to every product it ever made. *See Sanderson*, 898 S.W.2d at 814–15.

Any attorney would be interested in a record-breaking sanction against an adversary in an upcoming trial. But with no evidence that a defect was involved similar to the one alleged in this case, it was a blind alley. Evidence about different products and dissimilar accidents has long been inadmissible, as it generally proves nothing while distracting attention from the accident at hand. *See Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 138 (Tex.2004). This case could have been tried more than a year ago, had not Galnares directed her attention to products she never used and defects she never alleged.

Accordingly, without hearing oral argument, we conditionally grant the writ of mandamus and direct the trial court to vacate its order compelling this discovery. Tex. R. App. P. 52.8(c). The writ will issue only if the trial court fails to comply.