In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-424 CV


____________________



IN RE BNSF RAILWAY COMPANY, 


UNION PACIFIC RAILROAD COMPANY, WILLIAM THIBODEAUX, 


ANTHONY BAKER, AND CHRIS JOHNSON






Original Proceeding






 MEMORANDUM OPINION 


 This mandamus proceeding addresses a motion to abate and a discovery dispute in a
suit arising out of a train-automobile accident that killed Patsy Ardoin and severely injured
a minor passenger. Relators BNSF Railway Company and Union Pacific Railroad Company
filed suit in state and federal court in Louisiana before Derek Cezar, acting individually and
as next friend of the injured minor and as guardian of Ardoin's other children, sued the
relators in Texas. The trial court denied the relators' motion to abate the case while litigation
proceeded in Louisiana and compelled production of documents over the relators' time-and-
scope objections. 

 After the relators filed their petition for writ of mandamus, the federal court dismissed
the federal action. In the Louisiana state court action, BNSF and Union Pacific took a
preliminary default judgment against Derek Cezar and another defendant. The City of
Vinton, Louisiana, filed its answer on October 19, 2006. Neither of the Louisiana-filed cases
is currently set for trial, and the relators have not demonstrated the sort of interference with
jurisdiction for which mandamus relief is appropriate. See generally Perry v. Del Rio, 66
S.W.3d 239, 258 (Tex. 2001). The relators' petition for writ of mandamus is denied as to the
trial court's order denying the relators' motion to abate.

 The relators contend a discovery order signed by the trial court on September 21,
2006, is patently overbroad and orders production of privileged documents. Relators
objected to over one hundred requests for production. Rather than address the individual
requests for production, the trial court ordered the relators to produce: "1) All documents
regarding prior collisions at the Eddy Street Crossing from the year 1997 to the date of the
underlying incident made the basis of this lawsuit, inclusive; 2) All documents related to any
Defendant's contention that federal law preempts a claim in this case; 3) All documents
regarding the design of, responsibility for, and maintenance of the Eddy Street Crossing, its
warning devices, and its crossing control devices." The order requires production of all
documents regarding any collision at the crossing from 1997 to the date of this accident. 
Production is not limited to train-automobile collisions, to collisions involving circumstances
similar to those at issue in this case, or to particular types of documents that would logically
contain matters relevant to the subject matter of Cezar's suit. The order also requires
production of all documents in any way related to design of, responsibility for, and
maintenance of the crossing. With no time limit and no specific subject matter or type of
document to be produced, the order is so broad that it encompasses documents with no
potential bearing on the issues actually in controversy in this case. 

 Requests to produce must describe with reasonable particularity the item or category
of items to be produced. Tex. R. Civ. P. 196.1(b). The requests must be reasonably tailored
to include only items relevant to the litigation. In re Am. Optical Corp., 988 S.W.2d 711, 713
(Tex.1998). No substantive scope-of-discovery analysis of the issues in the case or the
particular documents sought can be found in this mandamus record. See Tex. R. Civ. P.
192.3(a), (b); In re TIG Ins. Co., 172 S.W.3d 160, 164 (Tex. App.-Beaumont 2005, orig.
proceeding). Counsel for Cezar informed the trial court that there have been five other
accidents and two fatalities at the crossing since 1997. According to counsel, "that's
important because what happened in those incidents and accidents, the crossing hasn't
changed." The trial court did not direct its order compelling production towards a category
of documents relating to changing the crossing. Cezar's counsel expressed concern
regarding who was responsible for the signage at the crossing, and told the trial court that "all
we're asking from them is every document that they have for this crossing that shows their
responsibility for the way the crossing's constructed and for the devices, the warning devices
and the traffic control devices, that there are for this crossing. . . ." The trial court did not
limit ordered production to documents that show the railroads' responsibility for the
construction and warning or traffic control devices for the crossing. Instead, the relators
were required to produce all documents of any kind regarding the design of, responsibility
for, and maintenance of the crossing. There is no time limitation whatsoever on the
documents to be produced. 

 The trial court failed to require more narrowly tailored requests for production to
obtain necessary and pertinent information while avoiding the inclusion of documents of
doubtful relevance. Mandamus is the proper remedy when the trial court abuses its discretion
by compelling overly broad discovery. See In re Graco Children's Prods., Inc., No. 05-0479,
2006 WL 3040580 (Tex. Oct. 27, 2006); In re CSX Corp., 124 S.W.3d 149, 152-53 (Tex.
2003); Texaco, Inc. v. Sanderson, 898 S.W.2d 813, 814-15 (Tex. 1995). We hold the trial
court abused its discretion. We conditionally grant the petition for writ of mandamus on the
discovery order. We are confident that the trial court will vacate its order of September 21,
2006. The writ will issue only if the trial court fails to comply.

 WRIT CONDITIONALLY GRANTED IN PART. 

 PER CURIAM

Submitted on October 12, 2006

Opinion Delivered November 9, 2006

Before McKeithen, C.J., Gaultney and Horton, JJ.