NO.
12-07-00387-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          

IN RE: GENERAL MOTORS 

CORPORATION,      §          ORIGINAL
PROCEEDING

RELATOR

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION








            General
Motors filed a petition for writ of mandamus challenging the trial court’s
order granting the amended motion to compel filed by the real parties in
interest, Monica Albright Smith and Matt Albright, individually and as the
representatives of the estate of Tonya Albright, deceased.[1]  General Motors contends that the trial court
abused its discretion by ordering discovery that is overbroad and by overruling
General Motors’s privilege objections. 
We conditionally grant the petition.

 

Background

            Monica
Albright Smith was a passenger in a 1994 Chevrolet S-10 pickup driven by her
mother, Tonya Albright, when they were involved in an automobile accident.  After the accident, the pickup caught on
fire.  Tonya Albright died from her
injuries, and Monica Albright Smith suffered significant injuries, including
burns to most of her body.








            Monica
Albright Smith and Matt Albright then brought suit against General Motors and
the driver of the other vehicle involved in the accident.  As it pertains to General Motors, the
Albrights’ petition included allegations that General Motors was liable for
their injuries because the fuel system in the 1994 Chevrolet S-10 pickup was
defective.  The Albrights brought claims
against General Motors under theories of strict liability, res ipsa loquitur,
negligence, and gross negligence.

            The
Albrights then sent written discovery to General Motors consisting of requests
for production and interrogatories. 
General Motors responded and objected. 
Unhappy with the multitude of objections and the lack of complete
responses, the Albrights filed a motion to compel.  General Motors supplemented its responses
with the production of some of the requested documents.  General Motors then promised to provide
additional documents upon the entry of a confidentiality order.  The Albrights amended their motion to compel,
and the trial court set the motion for hearing. 
On the day of the hearing, General Motors filed its response to the
Albrights’ motion to compel.

            After
the hearing but before the trial court ruled on the amended motion, General
Motors and the Albrights agreed that certain documents would be produced and
treated as confidential until and unless the Albrights presented the documents
to the trial court for a ruling about whether the documents were in fact
confidential.  General Motors then sent
several thousand documents to the Albrights.

            The
trial court granted the Albrights’ amended motion to compel as it pertained to
43 interrogatories and 85 requests for production.  In its order, the trial court overruled all
of General Motors’s objections and ordered General Motors to provide complete
responses to the specified interrogatories and requests for production. 

            General Motors then filed this
petition for writ of mandamus along with a motion for emergency relief.  We stayed the proceedings in the trial court
pending our disposition of General Motors’s petition.

 

Availability
of Mandamus

            Mandamus will issue to correct a
clear abuse of discretion where there is no adequate remedy by appeal.  In re Cerberus Capital Mgmt., L.P.,
164 S.W.3d 379, 382 (Tex. 2005); Walker v. Packer, 827 S.W.2d
833, 839–40 (Tex. 1992).  The trial court
abuses its discretion if it reaches a decision so arbitrary and unreasonable as
to amount to a clear and prejudicial error of law or if it clearly fails to
correctly analyze or apply the law.  Id.  Moreover, an appellate remedy may be adequate
even though it involves more delay or cost than mandamus.  See Walker, 827 S.W.2d at
842.  An appeal from a trial court’s
discovery order is not adequate if (1) the appellate court would not be able to
cure the trial court’s error on appeal; (2) the party’s ability to present a
viable claim or defense is vitiated or severely compromised; or (3) missing
discovery cannot be made a part of the appellate record.  Id. at 843.

 

Scope
of Discovery

            We first consider whether the trial
court abused its discretion in ordering General Motors to provide complete
responses to the Albrights’ discovery requests. 
The purpose of discovery is the administration of justice by allowing
the parties to obtain the fullest knowledge of facts prior to trial.  West v. Solito, 563 S.W.2d 240,
243 (Tex. 1978); Hill and Griffith Co. v. Bryant, 139 S.W.3d 688,
695 (Tex. App.–Tyler 2004, pet. denied). 
Discovery rules must be given a broad and liberal treatment.  Hill and Griffith Co., 139
S.W.3d at 695.  A party must be allowed
to inquire into the facts underlying his opponent’s case.  Id.  Discovery is permitted of any unprivileged
information relevant to the subject of the lawsuit, including inadmissible
evidence, so long as the request is reasonably calculated to lead to the
discovery of admissible evidence.  Tex. R. Civ. P. 192.3(a); see also
In re CSX Corp., 124 S.W.3d 149, 152 (Tex. 2003) (orig.
proceeding).

            While the scope of discovery is
quite broad, it is confined by the subject matter of the case and the
reasonable expectation of obtaining information that will aid resolution of the
dispute.  Tex. R. Civ. P. 192 cmt. 1; see also In re CSX Corp.,
124 S.W.3d at 152.  Discovery should be
reasonably tailored to include only matters relevant to the case.  In re Am. Optical Corp., 988
S.W.2d 711, 713 (Tex. 1998) (orig. proceeding). 
Although the parties must be given some latitude in fashioning proper
discovery requests, this latitude is not unlimited.  Id.  The trial court should limit discovery when
the discovery is 1) unreasonably cumulative or duplicative, 2) obtainable from
some other source that is more convenient, less burdensome, or less expensive,
or 3) the burden or expense of the proposed discovery outweighs its likely
benefit, taking into account the needs of the case, the amount in controversy, the
parties’ resources, the importance of the issues at stake in the litigation,
and the importance of the proposed discovery in resolving the issues.  Tex.
R. Civ. P. 192.4.   Discovery
requests that are not reasonably tailored as to time, place, or subject matter
are impermissible.  In re Lowe’s
Companies, Inc., 134 S.W.3d 876, 879 (Tex. App.–Houston [14th Dist.]
2004, orig. proceeding).  Further, while
a corporate defendant’s “state of mind” about a particular product may be
discoverable, attempts to extend that inquiry to every product ever made by
that party are likewise impermissible.  In
re Graco Children’s Products, Inc., 210 S.W.3d 598, 601 (Tex. 2006)
(orig. proceeding).

            Requests for production are limited
to items within the scope of discovery.  See Tex.
R. Civ. P. 196.1(a).  The rules
outline the scope of discovery with regard to documents and tangible things as
follows:

 

A party may obtain discovery of the existence,
description, nature, custody, condition, location, and contents of documents and
tangible things (including papers, books, accounts, drawings, graphs, charts,
photographs, electronic or videotape recordings, data, and data compilations)
that constitute or contain matters relevant to the subject matter of the
action.  A person is required to produce
a document or tangible thing that is within the person’s possession, custody,
or control.

 

 

Tex.
R. Civ. P. 192.3(b).  Generally,
interrogatories are limited to matters within the scope of discovery.  See Tex.
R. Civ. P. 197.1(a) (interrogatories may inquire about any matter within
scope of discovery except matters covered by Rule 195 pertaining to testifying
expert witnesses).  Contention discovery
is permitted.  Tex. R. Civ. P. 192.3(j) (“A party may obtain discovery of
any other party’s legal contentions and the factual bases for those
contentions.”).  But all that is required
is a basic statement of those contentions, and not a marshaling of
evidence.  Tex. R. Civ. P. 192 cmt. 5.   

            Here,
the Albrights failed to reasonably tailor their requests, and, in many
circumstances, failed to tailor their requests at all.  A number of the Albrights’ discovery requests
seek information on all General Motors vehicles made at any time.  Although most of the Albrights’ discovery
requests focus on the S-10, even those discovery requests are not adequately
limited in time.  In failing to limit
their requests, the Albrights clearly exceeded the scope of discovery, and the
trial court should have limited their requests. 
Instead of limiting discovery by the subject matter of the case and the
reasonable expectation of obtaining information that will aid in resolution of
the dispute, the trial court ordered discovery where there was “no apparent
connection between the alleged defect and the discovery ordered.”  See In re Graco, 210 S.W.3d at
601.  Therefore, the trial court’s order
constitutes an abuse of discretion. 

            Having determined that the trial
court’s order allowed overbroad discovery and, thus, was an abuse of
discretion, the order must be vacated if there is no adequate remedy on
appeal.  In re CSX Corp.,
124 S.W.3d at 153.  Where a discovery
order compels production of patently irrelevant documents, there is no adequate
remedy by appeal because the order imposes a burden far out of proportion to
any benefit that may obtain to the party seeking discovery.  Id.  Because the trial court’s order compels the
production of patently irrelevant documents, it imposes such a disproportionate
burden on General Motors.  Consequently,
General Motors has no adequate remedy by appeal.

 

Conclusion

            Having
held that the trial court abused its discretion in granting the Albrights’
motion to compel and that General Motors has no adequate remedy by appeal, we
conditionally grant General Motors’s petition for writ of mandamus.  

            The
trial court’s order covers 43 interrogatories and 85 requests for
production.  As in American Optical,
the parties here presented general arguments regarding the proper scope of
discovery, but did not specifically focus on each individual discovery
request.  Under these circumstances,
rather than “attempt to set the precise bounds of discovery in the first
instance, we believe the trial court should have an opportunity to reconsider
its ruling in light of our opinion today.” 
See In re Am. Optical, 988 S.W.2d at 713-14.  Accordingly, we trust that the trial court
will promptly vacate its order of September 26, 2007, revisit the Albrights’
amended motion to compel and General Motors’s discovery objections in light of
this opinion, and issue a written order setting the precise bounds of
discovery.  The writ will issue only if
the trial court fails to comply with this court’s opinion and order within
ten days.  The trial court shall
furnish this court, within the time for compliance with this court’s opinion
and order, a certified copy of its order evidencing such compliance.

            Because
we have determined that the trial court’s order compels overbroad discovery and
therefore cannot stand, we need not address General Motors’ other claims.  See Tex.
R. App. P. 47.1.  Our stay of the
trial court proceedings is lifted.

 

 

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

 

 

 

Opinion
delivered February 29, 2008.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] The respondent is the Honorable Joe Bob
Golden, Judge of the 1st Judicial District Court, San Augustine County, Texas.