Petition
for Writ of Mandamus Conditionally Granted and Majority and Concurring and
Dissenting Opinions filed April 16, 2010.




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00631-CV

____________

 

IN RE HOUSTONIAN CAMPUS, L.L.C., Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M A J O R
I T Y   O P I N I O N

In this
mandamus proceeding, relator, Houstonian Campus, L.L.C. (“the Houstonian”),
complains of a discovery order requiring it to produce certain documents
containing the identities of its members.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); see also
Tex. R. App. P. 52.  The Houstonian asks this court to compel the
Honorable Judge Michael Gomez, presiding judge of the 129th District Court of
Harris County, to set aside his discovery order of production signed June 18,
2009, or, alternatively, to instruct Judge Gomez to vacate his order as to
specific production requests.

BACKGROUND

Deana Pollard Sacks, Real Party in
Interest, filed a defamation suit against the Houstonian, a private
members-only social and fitness facility, two named individuals, and Does 1-10
(Houstonian employees and/or members).  Pollard Sacks alleged she was
defamed by statements that she was guilty of reckless and dangerous driving and
had made a racist comment.  Also, Pollard Sacks alleged that by
terminating her membership the Houstonian implied she had committed an act of
serious misconduct or a crime.[1]
During discovery, Pollard Sacks propounded various requests for
production.  Ultimately, the Houstonian produced 1,713 pages of responsive
documents, including complaints filed by club members.  However, the
Houstonian redacted the names of individual club members.   The Houstonian
objected to producing the names of the individual club members who filed the
complaints, contending that (1) the names were not relevant to the defamation
suit, (2) disclosure would violate its members’ privacy interests, and (3)
disclosure violated the Houstonian’s right of association.  

In response to the redactions,
Pollard Sacks moved to compel the Houstonian to release the members’ names on
the complaints and also moved for sanctions for redacting the names.  The
trial court subsequently signed an order compelling the production of the
documents without the names redacted.[2] 


The Houstonian requests that we issue
a writ of mandamus ordering Judge Gomez to reverse his decision on the Order to
Compel Production of Documents and hold that the members’ names are
confidential and irrelevant to Sacks’ causes of action.  In its petition,
the Houstonian claims that the trial court’s discovery order requires the
Houstonian to produce documents that (1) contain private and sensitive information;
(2) are not relevant; (3) are protected by the associational rights by the
First Amendment of the United States Constitution; and (4) encroach upon a
private club’s interest in managing its own affairs.

DISCOVERY ORDER

Mandamus will issue to correct a
discovery order if the order constitutes a clear abuse of discretion, and there
is no adequate remedy by appeal.  See In re Colonial Pipeline Co.,
968 S.W.2d 938, 941 (Tex. 1998); see also In re Maurer, 15 S.W.3d 256,
259 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding).  

A.  Abuse of Discretion

The Houstonian claims the discovery
order constitutes an abuse of discretion because it is overly broad in that it
requires the production of private and sensitive information neither relevant
to the subject matter of the suit nor reasonably calculated to lead to the
discovery of admissible evidence.  While the scope of discovery is
generally within the trial court’s discretion, the trial court must impose
reasonable discovery limits.  In re Graco Children’s Prods., Inc.,
210 S.W.3d 598, 600 (Tex. 2006) (per curiam).  An order that compels
discovery well outside the bounds of proper discovery is an abuse of discretion
for which mandamus is the proper remedy.  Id.  

A party may obtain discovery of the
contents of documents that constitute or contain matters relevant to the
subject matter of the action.  See Tex. R. Civ. P. 192.3(b).
 “Discovery is limited to matters relevant to the case.”  Texaco,
Inc. v. Sanderson, 898 S.W.2d 813, 814 (Tex. 1995).  Discovery requests
must be reasonably tailored to include only matters relevant to the case. 
See In re CSX Corp., 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding);
In re Am. Optical Corp., 988 S.W.2d 711, 713 (Tex. 1998) (orig.
proceeding).  It is not the burden of the responding party to tailor a
reasonable discovery request for the requesting party.  See In re Sears,
Roebuck and Co., 146 S.W.3d 328, 333 (Tex. App.—Beaumont 2004, orig.
proceeding).  Rather, the requesting party has the responsibility to
narrowly tailor its requests to produce.  Id.

Although it involved a claim of
product liability, not defamation, the case of In re Graco Children’s
Prods., Inc., 210 S.W.3d at 600, is instructive.  The court granted
mandamus on the grounds that the discovery requests were impermissibly
overbroad because they “were not reasonably tailored to the relevant product
defect.”  Id. at 601.  As the court recognized, mandamus has
been granted in products liability cases when a discovery order included (1)
products the plaintiff never alleged they used, In re Am. Optical Corp.,
988 S.W.2d at 713; (2) substances to which the plaintiffs never alleged
exposure, Texaco, Inc. v. Sanderson, 898 S.W.2d at 814; and (3) vehicles
without the fuel filler-neck that was allegedly defective, General Motors
Corp. v. Lawrence, 651 S.W.732, 734 (Tex. 1983).  As these authorities
indicate, an order may constitute an abuse of discretion if it compels
discovery of matters not relevant to the subject matter of the action.

In Sears, 146 S.W.3d at 334,
the appellate court noted that only the asbestos- containing products to which
the plaintiffs claimed their son had been indirectly exposed were involved in
the lawsuit.  The trial court’s order was erroneous because it required
production of documents related to asbestos “without tying the discovery to the
type of exposure . . .”  Id.  Similarly, the trial court’s
order in this case requires the disclosure of all names contained in the
documents produced without tying the discovery to any issue related to the
lawsuit.

In her suit, Pollard Sacks claims she
was defamed by statements that she drove dangerously and recklessly and that
she made a racist comment.[3] 
Although we agree that the trial court could have reasonably concluded that the
names of the members who made these alleged statements are relevant to the
subject matter of the suit or reasonably calculated to lead to the discovery of
admissible evidence, the order before this court did not order disclosure of
just those members’ names.  Instead, it orders disclosure of all the
members’ names contained in all the documents produced and is therefore
overbroad.  The trial court is in a far better position than this court to
determine which of the produced documents in fact relate to those statements
and to tailor an order more narrowly drawn.

Pollard Sacks further claims she was
defamed by the Houstonian by the act of terminating her membership.  She
asserts that the Houstonian has tolerated conduct by other members that is more
egregious than that alleged of her in complaints and is known to only terminate
membership for serious misconduct, such as crimes.  The termination of her
membership therefore implies the commission of an act of serious misconduct or
a crime.  This ground entitles Pollard Sacks to discover evidence of
action taken, or not taken, by the Houstonian against other members about whom
similar or more serious complaints were made.  The identity of those
members, however, is not relevant.  Information is relevant if it tends to
make the existence of a fact that is of consequence to the determination of the
action more or less probable than it would be without the information.  See
Tex. R. Evid. 401.  The identity of the other members does not make it
more or less probable they received more favorable treatment than Pollard
Sacks.  The documents produced will reveal whether another member against
whom a similar or more egregious complaint was filed received similar
treatment, regardless of his or her identity.

  The Houstonian has established
that many of the names of the other members are not relevant to Pollard Sacks’s
causes of action.  Therefore, the trial court’s order to produce all the
documents requested by Pollard Sacks without redaction of any names is overly
broad because it compels discovery of matters that are not relevant to the
case.[4] 


The trial court’s order is not
reasonably tailored to the issues relevant to the pending case and is therefore
outside the bounds of proper discovery.  See In re CSX, Corp., 124
S.W.3d at 152–53.  “When a discovery order fails to apply the rules of
discovery, issuance of mandamus requiring the trial court to utilize those
rules and procedures is appropriate.”  In re Does 1-10, 242 S.W.3d
805, 819 (Tex. App.—Texarkana 2007, orig. proceeding).  Because the trial
court’s order requires production beyond that permitted by the rules of
procedure, it constitutes a clear abuse of discretion.  See In re Dana
Corp., 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding). 
Accordingly, the Houstonian has established the trial court abused its
discretion.   We now must determine whether the Houstonian has an
adequate remedy on appeal.

B.  Adequate Remedy on Appeal

In determining whether appeal is an
adequate remedy, we consider whether the benefits of mandamus relief outweigh
the detriments.  In re Jacobs, 300 S.W.3d 35, 40 (Tex. App.—Houston
[14th Dist.] 2009, orig. proceeding).  Appeal is not an adequate remedy when
the appellate court would not be able to cure the trial court’s discovery
error.    In re Weekley Homes, L.P., 295 S.W.3d 309, 322
(Tex. 2009) (orig. proceeding).  Furthermore, a party does not have an
adequate remedy on appeal when a discovery order compels the production of
patently irrelevant documents such that it clearly constitutes harassment or
imposes a burden on the producing party far out of proportion to any benefit
that may obtain to the requesting party.  Walker v. Packer, 827
S.W.2d 833, 843 (Tex. 1992).

As discussed above, the trial court’s
order is not reasonably tailored to the issues relevant to the pending case and
is therefore outside the bounds of proper discovery.  Production of the
documents without redaction would reveal the identities of an indeterminate
number of the Houstonian’s members, most of whom are nonparties.  This
information is patently irrelevant to Pollard Sacks’s defamation suit, and
disclosure of such irrelevant information would leave the Houstonian without remedy
on appeal.  In re Jacobs, 300 S.W.3d at 44–45 (finding no adequate
remedy on appeal where trial court order compelled production of patently
irrelevant documents).

Moreover, the redacted information
that the trial court ordered disclosed is not only patently irrelevant, but
highly personal and sensitive.  The record before us reflects that the
Houstonian’s personnel and membership files are kept in the strictest
confidence, which includes reports and complaints made by individual
members.  Disclosure of the patently irrelevant—and highly private
information—would violate confidences between the Houstonian and its
members.  Because the trial court’s order does not protect disclosure of
the names of the members who have no connection to the underlying lawsuit, once
their identities are revealed, any damage cannot be rectified.  See In
re Does 1-10, 242 S.W.3d at 811–12.  Privacy once broken by the
inspection and copying by an adversary cannot be retrieved.  
Accordingly, any error in disclosing the nonparties’ names cannot be cured on
appeal.  See In re Netherlands Ins. Co., No. 04-08-00815-CV, 2009
WL 962539, at *2 (Tex. App.—San Antonio 2009, orig. proceeding) (mem. op.)
(citing Walker v. Packer, 827 S.W.2d at 843); see also In re
Am. Optical Corp., 988 S.W.2d at 713.  

Furthermore, the harm that the
Houstonian might suffer by revealing the members’ names on the complaints
cannot be remedied on appeal.  See In re Weekly Homes, 295 S.W.3d
at 323 (reasoning that a party does not have an adequate remedy on appeal when
a trial court’s order imposes a burden on the producing party far out of
proportion to any benefit the requesting party may obtain); see also In
re Jacobs, 300 S.W.3d at 44–45 (finding no adequate remedy on appeal where
trial court order compelled production of patently irrelevant documents).

For the above reasons, we hold that
the Houstonian has no adequate remedy on appeal.[5]  Because
there is no adequate remedy by appeal, relator is entitled to relief by
mandamus.  Accordingly, we conditionally grant the writ of mandamus and
direct the trial court to vacate its order compelling production of all
requested documents without redaction of names.[6]  See
Tex. R. App. P. 52.8(c).  The writ will issue only if the trial court
fails to comply. 

 

                                                                       


/s/        Adele
Hedges

Chief Justice

 

Panel consists of Chief Justice
Hedges and Justices Yates and Frost. (Frost, J., concurring and dissenting.) 














[1] We refer to Pollard Sacks’s Original
Petition which was before the trial court at the time the order at issue was
signed.





               
[2] In its discovery order, the trial court indicated that “nothing in this
order precludes redaction of personal identifiers (i.e. social security [and]
driver’s license numbers).  In addition, the Court requests the parties
submit to the Court an agreed protection order . . . maintaining the
confidential[ity] of the documents as to third-parties, if . . . the documents
contain allegations of a sensitive and confidential nature.”  





[3] The
dissent would order disclosure of all the names in the documents produced in
the First Group based on this cause of action.  The documents in the First
Group, however, contain the names of more members than the four who allegedly
made these defamatory statements.





[4] Some of the documents produced are patently
irrelevant.  For example, one document concerns the size of the work-out
towels.





[5] Pollard Sacks also argues that the Houstonian has
waived any legal objection to producing unredacted copies of documents that it
has produced voluntarily, albeit in redacted form.  We agree with Pollard
Sacks to the extent that the Houstonian waived other objections when it
voluntarily produced the documents.  However, the Houstonian expressly
objected to disclosing the names of its members. By producing the documents
with the names redacted it complied “with as much of the request to which the
party [had] no objection.”  Tex. R. Civ. P. 193.2(b).  A party is
required to produce what is discoverable when only part of a request is
objectionable.  See In re CI Host Inc., S.W.3d 514, 516 (Tex. 2002)
(orig. proceeding).  A response in accordance with the rules does
not constitute waiver of the objection.  

Pollard Sacks further claims the Houstonian does not
have a “legal” objection to disclosing the names of its members.  As the
cases already discussed demonstrate, a lack of relevance to the claims raised
is a proper objection to an overly broad request.





               
[6] Because we conditionally grant mandamus relief on the relevancy ground,
we need not address the Houstonian’s alternative argument for relief.