# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00223-CV

In re Joe Jones

ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## M E M O R A N D U M   O P I N I O N

This original proceeding arises from a discovery dispute in a suit affecting the parent-child relationship. Relator Joe Jones, who is not a party in the underlying suit, seeks a writ of mandamus directing the trial court to vacate its oral ruling denying his motion to quash and his motion for protection from discovery requests. We conditionally grant the writ in part.

Patrick Jones and Courtenay Brandt, parents to W.J., were divorced in 2010.[1] Subsequently, Patrick filed suit against Courtenay seeking to modify the parent-child relationship, and the trial court signed temporary orders providing that Patrick has the exclusive right to designate the primary residence of W.J. In response to requests for disclosure served by Patrick, Courtenay listed Joe as a person with knowledge of relevant facts. *See* Tex. R. Civ. P. 194. In addition, in response to interrogatories concerning her monthly expenses, Courtenay identified Joe as her boyfriend and stated that "Joe Jones currently pays all expenses, $4,000 per month." *See id*. R. 197.

---

[1] Because the relator and one of the real parties in interest share the same last name, we will refer to all the parties by their first name.

Patrick delivered to Joe a notice of intention to take his oral deposition. *See id*. R. 205.2. The notice also included a request for production of documents. Among other things, Patrick requested that Joe produce (1) any business records for any business entity owned by Joe, including financial information and tax returns for the business; (2) all personal banking and financial records; (3) wage and earnings records; and (4) all personal income-tax returns since 2010. Joe filed a motion to quash the deposition and a motion for protection in which he objected to each request for production.

The trial court conducted a hearing on Joe's motions. Following the hearing, the trial court announced that Joe was to appear for deposition and that he was required to produce the requested documents, *excluding* any tax records or bank records. The trial court also limited the remaining requests to the time period in which Joe and Courtenay have been in a relationship. Joe then filed this petition for writ of mandamus.

A party seeking mandamus relief must establish that (1) the trial court abused its discretion and (2) there is no adequate remedy by appeal. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135-26 (Tex. 2004) (orig. proceeding). "'Generally, the scope of discovery is within the trial court's discretion,' but 'the trial court must make an effort to impose reasonable discovery limits.'" *In re Graco Children's Prods., Inc.*, 210 S.W.3d 598, 600 (Tex. 2006) (orig. proceeding) (quoting *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding)). When a trial court orders the production of information beyond what our procedural rules permit, it is an abuse of discretion. *Id*.; *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding). An order that compels discovery "well outside the bounds of proper discovery" is reviewable by mandamus. *In re Graco*, 210 S.W.3d at 600 (quotations omitted).

2

Joe asserts that the trial court abused its discretion in ordering him to produce documents that he contends are irrelevant and, consequently, beyond the scope of discovery permitted by the discovery rules. With regard to the requested financial information, as limited by the trial court, Joe asserts that the records have "no bearing on the child possession order, nor on the support issue of the parent-child modification suit."[2] In response, Patrick asserts that the financial records are "relevant to the issue of income and/or gifts received by [Courtenay] and would corroborate the sworn interrogatory of [Courtenay], claiming that she receives $4,000.00 a month from [Joe]."

A trial court determines the appropriate amount of child-support liability based on the net resources available to the supporting parent. Tex. Fam. Code § 154.062. The term "net resources" is defined in section 154.062 of the Family Code and includes all income actually being received, including gifts and prizes. *Id*. § 154.062(b)(5). However, section 154.069 of the Family Code provides that the trial court may not consider the income, personal assets, or other financial resources of a spouse when computing net resources. *Id*. § 154.069. Here, Joe characterizes his contributions towards Courtenay's monthly expenses, as well as the totality of his financial resources, as being akin to spousal resources under section 154.069. Consequently, according to Joe, his financial information is irrelevant to the calculation of Courtenay's net resources or to any other issue in this case. Conversely, Patrick characterizes Joe's monthly contributions as gifts to Courtenay. According to Patrick, if he prevails in this custody dispute, the contributions made by

---

[2] Based on the trial court's limitations, Joe would still be required to produce records for any business owned by him, including financial information. In addition, Joe would be required to produce personal financial information and earning records.

Joe would necessarily be considered in calculating Courtenay's net resources under section 154.062 for purposes of determining her child-support obligation.

While we do not disagree that the contributions from Joe may, under certain circumstances, constitute gifts to Courtenay, we need not decide whether those circumstances have been presented on this record. Even if the monthly contributions provided by Joe are, in fact, gifts and thus properly considered in the calculation of Courtenay's net resources (as Patrick contends they should be), we nevertheless conclude that the requested financial information, as modified by the trial court's ruling, is irrelevant and that the trial court abused its discretion in compelling Joe to produce it.

"Although the scope of discovery is broad, requests must show a reasonable expectation of obtaining information that will aid the dispute's resolution." *In re CSX*, 154 S.W.3d at 152. Accordingly, discovery requests must be reasonably tailored to include only matters relevant to the subject matter of the lawsuit. *See* Tex. R. Civ. P. 192.3(a). Information is relevant if it tends to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the information. Tex. R. Evid. 401.

In this case, the issue before us is not whether information concerning Courtenay's net resources is discoverable. Should Patrick ultimately prevail in this custody dispute, Courtenay's net resources would be determined pursuant to chapter 154 of the Family Code. As a result, Courtenay's income, whatever the source, would be relevant to that issue. In addition, we do not decide whether Joe's contributions to Courtenay's expenses are relevant to Courtenay's net resources;

4

evidence may be presented demonstrating that they are. Instead, the issue before us is whether information concerning the details of Joe's income is relevant to this dispute.

Courtenay has admitted that Joe contributes to her monthly expenses in the amount of $4,000 per month. Information about how and when Joe receives his income, as well as how much he receives as income, does not tend to make the existence of the fact that Joe makes such contributions "more or less probable." *See id*. Further, details about Joe's income—some or all of which is used to pay Courtenay's monthly expenses—have no bearing on whether Joe's contributions are properly considered gifts or some other "resource" under section 154.062. *See* Tex. Fam. Code § 154.062 (defining resources). To the extent the trial court ordered Joe—a nonparty to this litigation—to produce financial information concerning his personal earnings and any business owned by him, we conclude that the trial court abused its discretion.

We conditionally grant Joe's petition for writ of mandamus with respect to his complaint about the trial court's ruling requiring the production of (1) business records, (2) business and personal financial information, and (3) wage and earning records. Accordingly, we direct the trial court to vacate its oral ruling requiring Joe to produce this information. The writ will issue only if the trial court does not take appropriate action in accordance with this opinion.

We deny Joe's petition for writ of mandamus as to the remainder of the trial court's April 3, 2014 ruling. We lift our stay as to all portions of the trial court's ruling other than those requiring the production of the financial information that is the subject of the mandamus relief conditionally granted.

5

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Filed:   September 24, 2014