**Opinion issued May 9, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-23-00694-CV**

———————————

## IN RE THE SYDOW FIRM, PLLC AND MICHAEL D. SYDOW, Relators

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## MEMORANDUM OPINION

Relators, The Sydow Firm, PLLC and Michael D. Sydow (collectively, "Sydow"), filed a petition for a writ of mandamus challenging the trial court's August 9, 2023 order denying their "Motion to Dismiss for Lack of Jurisdiction," and the trial court's October 17, 2023 order on the motion to compel filed by real party in interest, Series 2 – Virage Master LP ("Virage"). Sydow requested that this Court issue a writ of mandamus directing the trial court to (1) "vacate the written [o]rder denying the Motion to Dismiss [for Lack of Jurisdiction]," and (2) "vacate

its discovery rulings made from the bench," which were memorialized in the trial court's October 17, 2023 order.

On October 26, 2023, Sydow filed an "Emergency Motion for Temporary Relief to Stay Trial Court's Oct[ober] 17[, 2023] Order Compelling Production." The Court granted the motion, in part, on October 31, 2023, staying enforcement of the October 17, 2023 order compelling production "only as to [Sydow's] obligation to serve supplemental written responses and/or produce all responsive, non-privileged documents to Request for Production Nos. 12, 14, and 15, and Interrogatory No. 4."

This Court requested a response to Sydow's petition for writ of mandamus. Virage filed a response to the mandamus petition, and Sydow filed a reply in support of his mandamus petition.

We lift the stay imposed by our October 31, 2023 order and deny Sydow's petition for writ of mandamus in part, and conditionally grant Sydow's petition for writ of mandamus in part.[1]

---

[1] The underlying case is *Series 2 – Virage Master LP v. The Sydow Firm, PLLC and Michael D. Sydow*, Cause No. 2023-03316, in the 113th District Court of Harris County, Texas, the Honorable Rabeea Sultan Collier presiding.

## Background

This original proceeding arises from a suit filed by Virage against Sydow. In its lawsuit, Virage brought claims for a declaratory judgment and breach of contract.

Virage is a commercial lender which provides loans to law firms and lawyers to assist in financing litigation against well-funded parties. Virage and Sydow disagree about whether a formal contractual relationship existed between them, under which Virage would provide funding assistance to Sydow for certain contingency fee cases.

In the mandamus petition, Sydow asserted that in October 2014, Sydow "engaged . . . with a broker to possibly get nonrecourse funding for two . . . cases." Sydow was then "directed to an electronic platform for attorneys called LitCap." After entering information regarding the cases, Sydow was "matched . . . with Virage as a funder willing to review the two . . . cases."

According to Virage, after negotiating the terms of an agreement, the parties entered into a commercial lending agreement under which Virage would provide litigation loans to Sydow, referred to as the "LitCap Business Expense Note Number 711" (the "Note"). Virage stated that the Note was electronically executed by Virage and Sydow on November 20, 2014 via the LitCap electronic platform. However, Sydow asserted that, despite being "informed that the [N]ote was available for

3

review on the LitCap platform," Sydow was not able to "review it or otherwise sign onto the LitCap platform."

Despite this assertion, the mandamus record included a copy of the Note which was electronically executed by both Virage and Sydow. However, Sydow asserted that he "did not approve by any interaction with the LitCap platform . . . his or his firm's consent or approval of an electronic signature to any note." Accordingly, Sydow "denied signing any note or guaranty, electronically or otherwise."

The terms of the Note provided that Virage would lend Sydow $2,060,000 for litigation funding in exchange for, among other things, a security interest in the recovery on litigation matters specifically identified in the Note. The Note also provided that Sydow was required to provide a quarterly status report to Virage for each litigation matter identified in the Note, describing "the current status of each Litigation Matter, the minimum amount in controversy in respect therefore, the anticipated date of any Recovery Event," and "any change in the status of any Litigation Matter" since the previous quarterly status report.

Notably, despite the assertions that he "did not approve . . . an electronic signature to any note," Sydow's mandamus petition does not dispute that Virage performed its obligations under the Note, specifically, by loaning $2,060,000 to Sydow. According to its suit, Virage "performed its obligations under the Note" by

4

"advancing $2,060,000" to Sydow. However, Virage asserted that Sydow "ha[d] only repaid $22,425 to Virage." In its suit, Virage alleged that Sydow breached and defaulted on the Note by failing to make the required payments from recoveries in the litigation matters that were collateral for the Note and he failed to provide the required quarterly status reports.

On May 22, 2023, Sydow filed a "Motion to Dismiss for Lack of Jurisdiction." In the motion to dismiss, Sydow argued that the trial court lacked jurisdiction over the case because Virage "lacked standing to sue" as it "could not prove [that] it was a 'holder' in due course" of the Note.

Separately, on March 30, 2023, Virage served written discovery on Sydow, including requests for production and interrogatories. After Sydow served his responses and objections, which Virage deemed deficient, Virage filed a motion to compel in the trial court on June 30, 2023. In its motion to compel, Virage requested that the trial court overrule certain objections offered by Sydow. Specifically, Virage challenged Sydow's objections to the requests for documents and information covering three categories: (1) communications between Sydow and a receiver in a turnover proceeding pending in a different trial court, (2) documents and information concerning the collateral cases identified in the Note, and (3) financial information and records of Sydow purportedly "related" to Sydow's recovery of fees and expenses "that are owed to Virage under the Note."

5

On August 8, 2023, the trial court held a hearing on Sydow's motion to dismiss and Virage's motion to compel. During the hearing, the trial court orally stated on the record that it was sustaining Sydow's objections to Virage's request to produce tax records, but that it was overruling all other objections asserted by Sydow which were challenged by Virage. On August 9, 2023, the trial court entered an order denying Sydow's motion to dismiss for lack of jurisdiction. On October 17, 2023, the trial court entered an order memorializing its rulings from the August 8, 2023 hearing on Virage's motion to compel.

Sydow, in his reply in support of the mandamus petition, complained that "the trial court overruled [his] objections to four key discovery requests involving [his] and [his] Firm's confidential and sensitive financial information." Sydow further asserted that the "four discovery requests are vastly overbroad and, if Sydow and [his] Firm must respond to them, [it] will subject Sydow and [his] Firm to irreparable harm."

Specifically, Sydow complained about the trial court's order granting Virage's motion to compel, overruling his objections to Request for Production Nos. 12, 14, and 15, and Interrogatory No. 4. Those requests, and Sydow's response, were as follows:

> **Request for Production No. 12**: All financial records, including balance sheets, statements of cash flow, profit and loss statements, and bank statements of The Sydow Firm and any related entity from November 2014 to present.

6

**Response**: Defendant, The Sydow Firm, PLLC objects to this request as it is overbroad and unduly burdensome and invades the right to privacy. [Sydow] further objects that such discovery is outside the scope of permissible discovery under the Texas Rules of Civil Procedure and is not the type of discovery permitted by the rules of discovery. Furthermore, Defendant, The Sydow Firm, PLLC is not a proper party to this suit having been formed on May 28, 2019.

**Request for Production No. 14**: All bank statements for all accounts owned or accessible by The Sydow Firm, and any related entity, including operating accounts and IOLTA accounts, from November 2014 to present.

**Response**: To the extent this would disclose attorney-client privilege, [Sydow] assert[s] that privilege. Defendant, The Sydow Firm, PLLC objects to this request as it is overbroad and unduly burdensome and invades the right to privacy. [Sydow] further objects that such discovery is outside the scope of permissible discovery under the Texas Rules of Civil Procedure and is not the type of discovery permitted by the rules of discovery. Furthermore, Defendant, The Sydow Firm, PLLC is not a proper party to this suit having been formed on May 28, 2019.

**Request for Production No. 15**: All bank statements for all accounts owned or accessible by Sydow, including personal or business accounts, from November 2014 to present.

**Response**: Defendant, Sydow objects to this request as it is overbroad and unduly burdensome and invades the right to privacy. [Sydow] further objects that such discovery is outside the scope of permissible discovery under the Texas Rules of Civil Procedure and is not the type of discovery permitted by the rules of discovery.

**Interrogatory No. 4**: Identify all bank accounts, including by account number, that are referenced in Requests for Production Nos. 12, 13, and 14.

**Response**: [Sydow] objects to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of evidence that would be admissible at time of trial. [Sydow] further object[s] on the ground of [his] right to privacy as recognized by Texas law.

In its October 17, 2023 order, the trial court ordered Sydow to "serve supplemental written responses and produce all responsive non-privileged documents" to Request for Production Nos. 12, 14, and 15, and to "serve supplemental written responses" to Interrogatory No. 4 "within 14 days of the entry" of the trial court's order. Sydow's mandamus petition challenging the trial court's August 9, 2023 order denying his motion to dismiss and the trial court's discovery rulings followed.

This Court requested a response to Sydow's mandamus petition. Virage filed a response to the mandamus petition. Sydow then filed a reply in support of his request for mandamus relief.

## Standard of Review

Mandamus is an extraordinary remedy that is only available in limited circumstances. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). Specifically, mandamus relief is only available where a relator establishes two requirements. First, relator must establish that the trial court has abused its discretion. *See id.* Second, a relator must establish that it has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004).

## Motion to Dismiss for Lack of Jurisdiction

In his first issue, Sydow argued that the trial court abused its discretion in denying his "Motion to Dismiss for Lack of Jurisdiction" because Virage lacks

8

standing. Thus, Sydow's mandamus petition requested that this Court "issue a Writ of Mandamus to [the trial court] directing it to vacate the denial of the Plea to the Jurisdiction."

While Sydow's motion filed in the trial court was titled a "Motion to Dismiss for Lack of Jurisdiction," as Sydow correctly noted in his mandamus petition, "[a] motion to dismiss for lack of jurisdiction is the functional equivalent of a plea to the jurisdiction." *See Wheeler v. Law Office of Frank Powell*, No. 01-22-00479-CV, 2023 WL 5535670, at *4 (Tex. App.—Houston [1st Dist.] Aug. 29, 2023, no pet.) (mem. op.).

We conclude that Sydow has failed to establish that he is entitled to mandamus relief from the trial court's August 9, 2023 order denying his motion to dismiss for lack of jurisdiction. Accordingly, we deny Sydow's petition for writ of mandamus to the extent that it requests that we direct the trial court to vacate its August 9, 2023 order. *See* TEX. R. APP. P. 52.8(a).

**Discovery Rulings**

In his second issue, Sydow argued that the trial court abused its discretion in overruling his discovery objections because the discovery requests go beyond the scope of permissible discovery for breach of contract and are invasive. Specifically, in his reply in support of his mandamus petition, Sydow complained that "the trial court overruled [his] objections to four key discovery requests involving Sydow's

and [his] Firm's confidential and sensitive financial information." Sydow further asserted that the "four discovery requests [were] vastly overbroad and, if Sydow and [his] Firm must respond to them, [the discovery requests] will subject Sydow and [his] Firm to irreparable harm."

"Generally, the scope of discovery is within the trial court's discretion." *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003). However, where a trial court "compels overly broad discovery well outside the bounds of proper discovery," the trial court commits "an abuse of discretion for which mandamus is the proper remedy." *See In re Graco Children's Prods., Inc.*, 210 S.W.3d 598, 600 (Tex. 2006).

The Texas Rules of Civil Procedure define the general scope of discovery as any unprivileged information that is relevant to the subject of the action, even if it would be inadmissible at trial, so long as the information is "reasonably calculated to lead to the discovery of admissible evidence." *See* TEX. R. CIV. P. 192.3(a). However, the rules do not permit a party to use discovery as a "fishing expedition . . . simply to explore." *See Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995); *see also In re CSX Corp.*, 124 S.W.3d at 152–53; *In re Am. Optical*, 988 S.W.2d 711, 713 (Tex. 1998). Accordingly, while the scope of discovery is broad, discovery requests must be "reasonably tailored" to include only relevant matters. *See In re Am. Optical*, 988 S.W.2d at 713.

In his mandamus petition, Sydow challenged the trial court's order overruling his objections, and compelling Sydow to respond and produce documents, in response to Request for Production Nos. 12, 14, and 15, and Interrogatory No. 4.:

> **Request for Production No. 12**: All financial records, including balance sheets, statements of cash flow, profit and loss statements, and bank statements of The Sydow Firm and any related entity from November 2014 to present.
>
> **Request for Production No. 14**: All bank statements for all accounts owned or accessible by The Sydow Firm, and any related entity, including operating accounts and IOLTA accounts, from November 2014 to present.
>
> **Request for Production No. 15**: All bank statements for all accounts owned or accessible by Sydow, including personal or business accounts, from November 2014 to present.
>
> **Interrogatory No. 4**: Identify all bank accounts, including by account number, that are referenced in Requests for Production Nos. 12, 13, and 14.

Sydow asserted that "[b]y seeking *all* financial records, without limitation, Virage's discovery requests d[id] not comply with the requirement that they be reasonably tailored to lead to the discovery of admissible evidence." Further, Sydow argued that the discovery requests were overbroad because they seek financial records and information "irrespective of any connection to [Virage's] suit to recover on its promissory note," and Virage "d[id] not explain . . . how all of [Sydow's] financial records, bank statements and bank accounts ha[d] any relevance at all to" its claims.

In arguing that the requested documents were discoverable, Virage stated that the "requests were crafted to capture evidence that, as Virage ha[d] alleged, Sydow ha[d] obtained recoveries on various cases identified in the Note but failed to either report those recoveries or make payments from them to Virage as required under the Note." Virage further attacked Sydow's objection that these requests invaded a "right to privacy," asserting that there was "no constitutional privacy right in personal financial records." According to Virage, the records related to the financial condition of Sydow are relevant to assist it in "investigat[ing] the full extent of [Sydow's] breaches of contract," and to "show the extent of the alleged breach which includes a failure to pay and a failure to report" earnings from the litigation matters for which Virage provided a loan to Sydow.

While certain records relating to Sydow's financial condition may be relevant, "discovery may not be used as a fishing expedition." *See In re Am. Optical*, 988 S.W.3d at 713. In the challenged discovery, Virage requested "*[a]ll* financial records . . . of The Sydow Firm and any related entity from November 2014 to present," "*[a]ll* bank statements for *all* accounts owned or accessible by The Sydow Firm . . . from November 2014 to present," "*[a]ll* bank statements for *all* accounts owned or accessible by Sydow, including personal or business accounts, from November 2014 to present," and that Sydow "[i]dentify *all* bank accounts, including

12

by account number, that are referenced" in response to the requests for production. (Emphasis added.)

Sydow objected to Virage's requests for "all" documents and records as overly broad. We note that a "central consideration in determining overbreadth is whether the request could have been more narrowly tailored to avoid including tenuous information and still obtain the necessary, pertinent information." *See In re CSX Corp.*, 124 S.W.3d at 153. Virage asserted that the requested records were necessary in investigating the full extent of Sydow's breaches of contract, specifically, the failure to pay and report earnings from the litigation matters identified in the Note. However, Virage failed to articulate why production of "*[a]ll* financial records . . . of The Sydow Firm and any related entity from November 2014 to present," "*[a]ll* bank statements for *all* accounts owned or accessible by The Sydow Firm . . . from November 2014 to present," and "*[a]ll* bank statements for *all* accounts owned or accessible by Sydow, including personal or business accounts, from November 2014 to present," was necessary to obtain that information. (Emphasis added.) Or, more directly, Virage failed to articulate why a more narrowly tailored request for records would be insufficient.

We conclude that Virage's challenged requests which seek "all" documents and records are an impermissible fishing expedition and are not sufficiently

"narrowly tailored to avoid including tenuous information," but still "obtain the necessary, pertinent information." *Id.*

Because we conclude that the trial court's October 17, 2023 discovery order is overbroad, the trial court has abused its discretion and the order must be vacated if there is no adequate remedy on appeal. *See In re Am. Optical*, 988 S.W.2d at 713. We further conclude that no adequate appellate remedy exists, because where a discovery order compels production of irrelevant or duplicative documents, there is no adequate appellate remedy. *See In re CSX Corp.*, 124 S.W.3d at 153.

**Conclusion**

We conclude that, as written, Request for Production Nos. 12, 14, and 15 and Interrogatory No. 4 are overbroad and not "narrowly tailored" to seek only relevant information. *See In re Allstate Cnty. Mut. Ins. Co.*, 277 S.W.3d 667, 669 (Tex. 2007) (concluding trial court abused its discretion by compelling production to overbroad requests that "could easily have been more narrowly tailored to the dispute at hand"). We therefore lift the stay imposed by our October 31, 2023 order and conditionally grant mandamus relief and direct the trial court to vacate its October 17, 2023 order to the extent that it overrules Sydow's objections to the overbreadth of Request for Production Nos. 12, 14, and 15 and Interrogatory No. 4 and to the extent that it orders Sydow to serve supplement written responses and/or produce documents in response to Request for Production Nos. 12, 14, and 15 and Interrogatory No. 4.

14

However, we deny Sydow's petition for writ of mandamus to the extent that Sydow requests this Court to direct the trial court to vacate its August 9, 2023 order denying Sydow's motion to dismiss for lack of jurisdiction.

We are confident that the trial court will comply with this Court's ruling, and the writ will issue only if the trial court fails to comply within thirty days of the date of this opinion. All pending motions are dismissed as moot.

Amparo Monique Guerra
Justice

Panel consists of Chief Justice Adams and Justices Guerra and Farris.