In re DEERE & COMPANY d/b/a John
Deere Company and John Deere Con-
struction & Forestry Company, Rela-
tors.

No. 08–1076.

Supreme Court of Texas.

Dec. 18, 2009.

Richard A. Sayles, Eve L. Henson,
Mark D. Strachan, Joel Lawrence Israel,
Sayles Werbner, PC, Dallas, for relators.

Clay Lewis Jenkins, Stephen Lee Dan-
iel, Jeremy Smith Cleverly, Jenkins & Jen-
kins, P.C., Waxahachie, John R. MacLean,
MacLean & Boulware, Cleburne, and Kirk
L. Pittard, F. Leighton Durham III, Dur-
ham & Pittard, LLP, Dallas, for real party
in interest.

Andrew Nathan Soule, Hermes Sargent Bates, LLP, Dallas, for Texas Mutual Insurance Company.

PER CURIAM.

In this discovery dispute, we consider whether a trial court's order compelling production of documents was overly broad. Because the order neglected to limit discovery to a reasonable time period, we find that it was. Accordingly, we conditionally grant the relator's petition for writ of mandamus and direct the trial court to vacate that part of the order.

Arturo Martinez suffered severe injuries when he fell under a John Deere 410D backhoe loader. Allegedly, the step on which Martinez was standing failed, breaking off under his weight while the backhoe was moving. In the ensuing suit, Martinez alleged several legal theories, including products liability. Martinez served requests for production on Deere, including a request seeking "all [non-governmental] documents of customer complaints received by [Deere] relative to the sidestep on any model backhoe." Deere objected to the request as overly broad, and Martinez moved to compel production. The trial court conducted a hearing, and the parties agreed to limit production to documents relating to models with similar handles and step assemblies, and only going back approximately 12 to 15 years (when production began on the 410D).[1] At the trial court's request, Martinez then filed a proposed order. The proposed order included more than 30 product lines such as backhoes, tractors, and other loaders and did not include a time limit.

The trial court held an additional hearing to determine whether models in the proposed order in fact had handles and step assemblies sufficiently similar to the 410D. Deere presented no evidence to disprove such similarity. Martinez, on the other hand, explained that Martinez's expert reported research in support of the relevant similarities on these models. After the hearing, Deere wrote to the trial court explaining that the 410D step assembly had been modified in 1996 (approximately 12 years earlier) along with a handful of other backhoe loader models, but provided no evidence in support. The trial court then entered Martinez's proposed order. The Tenth Court of Appeals denied relator's petition for mandamus. 300 S.W.3d 1 (Tex.App.-Waco 2008).

Mandamus will issue if the relator establishes a clear abuse of discretion for which there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex.2004). "Generally, the scope of discovery is within the trial court's discretion, but the trial court must make an effort to impose reasonable discovery limits." *In re Graco Children's Prods., Inc.*, 210 S.W.3d 598, 600 (Tex. 2006) (per curiam) (internal quotations omitted). An order that compels overly broad discovery is an abuse of discretion for which mandamus is the proper remedy. *Id.* Whether discovery is overly broad in products liability cases depends on whether the order covers products relevant to the case and is reasonable in its scope. *Id.* at 601; *see also* TEX.R. CIV. P. 192.3 (discovery should be of information "reasonably calculated to lead to the discovery of admissible evidence"). "Discovery orders

---

1. Regarding the inclusion of handles in addition to steps, Deere conceded: "The step that a person would actually step on to get onto the tractor, to mount the tractor, and any hand device he would hold to assist in either getting on or off the tractor, you know, we could probably do that without a lot of burdensome [sic] to do that. That probably would be acceptable."

requiring production from an unreasonably long period ... are impermissibly overbroad." *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex.2003) (citing *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (1998) (concluding that a discovery order was overly broad by requiring production of "virtually all documents regarding its products for a fifty-year period")). The party objecting to discovery "must present any evidence necessary to support the objection." TEX.R. CIV. P. 193.4(a).

 Here, the trial court made a proper effort to narrow discovery from "any model backhoe," as stated in the request for production, to only those products with handles and step assemblies similar to the allegedly defective 410D. Deere presented no evidence to meet its burden of supporting its objection, failing to show that any of the specific product lines lacked such assemblies.[2] Thus, it was not error for the trial court to permit discovery as to the list of product lines proposed by Martinez. *See* TEX.R. CIV. P. 193.4(a). However, the trial court's order nevertheless exceeded the scope of permissible discovery by neglecting to set a reasonable time limit. *See In re CSX*, 124 S.W.3d at 152. Indeed, at the initial hearing, Martinez twice specifically requested production going back only 15 years. Because compliance with the trial court's order could require Deere to produce documents going back decades, neglecting to include a reasonable time limit was an abuse of discretion.[3]

Therefore, without hearing oral argument, TEX. R. APP. P. 52.8(c), we conditionally grant Deere's petition for writ of mandamus and direct the trial court to vacate that part of its December 5, 2008 order that compels Deere to produce documents relating to lawsuits or complaints about the models Martinez identified as potentially relevant without setting a reasonable time limit. We trust that the trial court will comply, and the writ will issue only if it fails to do so.

---

2. We note that while Deere has presented such evidence to us in an affidavit, the trial court had no such evidence before it.

3. We offer no opinion as to whether an order limiting production to documents going back 12 or 15 years would have been reasonable under the circumstances.