**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 27, 2011.**



In The

# Fourteenth Court of Appeals

_____

NO. 14-11-00780-CV

_____

**IN RE LEXINGTON INSURANCE COMPANY, Relator**

ORIGINAL PROCEEDING
WRIT OF MANDAMUS
**133rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-22372**

## M E M O R A N D U M   O P I N I O N

This discovery mandamus arises from a suit for contractual and extra-contractual damages from Hurricane Ike claims on five apartment complexes. The apartment complex owners, JAW The Lake, L.L.C., JAW Timberwalk, L.L.C., JAW Scarsdale Park, L.L.C., JAW Boardwalk of Baytown, L.L.C., and JAW Chateau Creole, L.L.C, the real parties in interest, filed separate suits against relator, Lexington Insurance Company, complaining of its handling of the claims, and the suits were consolidated in the underlying action.

On September 8, 2011, relator filed an amended petition for writ of mandamus in this court.[1] *See* Tex. Gov't Code § 22.221. Relator asked this court to order the Honorable Jaclanel McFarland, presiding Judge of the 133rd District Court of Harris County, Texas, to set aside her order signed August 16, 2011, reconsidering her prior order and granting the real parties in interest's motion to compel production of discovery. Relator complains that the trial court abused its discretion in ordering unduly burdensome production of irrelevant documents in response to overbroad requests. Relator also asserts that some documents subject to the court's order are privileged.

Relator also filed an emergency motion asking that we stay the trial court's order pending our review of its petition. *See* Tex. R. App. P. 52.10(a). On September 9, 2011, this court granted relator's motion and requested a response from the real parties in interest, which has now been filed.

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005).

Generally, the scope of discovery is within the trial court's discretion; however, the trial court must make an effort to impose reasonable discovery limits. *See In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003). A discovery order that compels overly broad discovery well outside the bounds of proper discovery is an abuse of discretion for which mandamus may issue. *In re Deere & Co.*, 299 S.W.3d 819, 820–21 (Tex. 2009). The party resisting discovery bears the "heavy burden" of establishing an abuse of discretion

---

[1] Relator's first petition for writ of mandamus was dismissed as moot after the trial court granted relator's motion to reconsider and vacated its order signed June 13, 2011. *See In re Lexington Insurance Company,* No. 14-11-00681-CV, 2011 WL 3925567 (Tex. App.—Houston [14th Dist.] Sept. 8, 2011, orig. proceeding) (mem. op.).

and inadequate appellate remedy.  *In re CSX,* 124 S.W.3d at 151.   The party making the objection must present any evidence necessary to support the objection.   *See* Tex. R. Civ. P. 193.4(a); *In re CI Host, Inc*., 92 S.W.3d 514, 516 (Tex. 2002).

Relator has not established that it is entitled to extraordinary relief.   Accordingly, we deny relator's petition for writ of mandamus.   This court's September 9, 2011, stay order is lifted.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.

3