

## NUMBER 13-12-00738-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

### IN RE TEREX USA, L.L.C., TEREX DEMAG GMBH, TEREX DEMAG GMBH & CO. KG, AND TEREX CORPORATION

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Perkes
Memorandum Opinion by Justice Garza[1]**

Relators, Terex USA, L.L.C., Terex Demag GmbH, Terex Demag GmbH & Co. KG, and Terex Corporation (collectively "Terex"), have filed a petition for writ of mandamus contending that the Honorable Robert Vargas, presiding judge of the County Court at Law Number 1 of Nueces County, Texas, abused his discretion, leaving Terex without an adequate appellate remedy, by rendering an "Order Granting Plaintiff's

---

[1] *See* TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions), 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so.").

Motion to Compel" dated November 16, 2012. On December 6, 2012, we issued a temporary emergency stay of the order pending our review of the petition for writ of mandamus, and we ordered real party in interest, Clayton Burnett, to file any response to Terex's petition. Burnett filed a response with this Court on December 20, 2012. We will deny Terex's petition.

The underlying case is a products liability suit filed by Burnett arising from injuries he sustained while working with a Terex-built crane. The trial court granted a motion filed by Burnett to compel Terex to produce all files relating to all incidents involving Terex-made cranes which were reported to Terex's product safety director, Klaus Meissner, between 2007 and 2011. Burnett's request was based on the fact that Meissner testified in deposition that "most of these incidents [involving Terex cranes] are simply operator faults." Burnett claimed that Meissner's testimony "raises a question" as to whether Terex "had a problem with the way it was instructing the operators to use the crane" and whether it had knowledge that "on a regular and reoccurring basis its cranes were misused." Those facts, if true, would be relevant because Terex is asserting the affirmative defense of operator misuse, and one of the elements of that defense is showing that the misuse was not reasonably foreseeable by the manufacturer. *See, e.g., Houston Lighting & Power Co. v. Reynolds*, 765 S.W.2d 784, 786 (Tex. 1988).

The trial court's order compelled Terex to: (1) produce to Burnett all files related to any incident reported to Meissner between 2007 and 2011 where operator misuse was alleged by Terex; and (2) produce to a Special Master all files related to any incident reported to Meissner between 2007 and 2011 where operator misuse was not

2

alleged by Terex. Terex claims the order was overly broad because it was not limited to: (1) the particular type of crane used in Burnett's accident; (2) the particular type of accident that he was involved in (i.e., a failed boom lug); or (3) the time preceding Burnett's accident.

In his response, Burnett claims that the request was "specifically tailored" to incidents reviewed by Meissner. He points to Texas Rule of Civil Procedure 192.3(e), which allows the discovery of "the facts known by the [testifying] expert that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with the case in which the discovery is sought, *regardless of when and how the factual information was acquired.*" TEX. R. CIV. P. 192.3(e) (emphasis added). Burnett also contends that Terex waived its overly-broad and date-related complaints because it failed to raise those complaints with the trial court.

Mandamus will issue to correct a clear abuse of discretion for which the remedy by appeal is inadequate. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner, when it acts without reference to guiding rules and principles, or when it clearly fails to analyze or apply the law correctly. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding); *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). Overly broad discovery orders are remediable by mandamus. *In re Deere & Co.*, 299 S.W.3d 819, 820 (Tex. 2009).

We do not believe the trial court abused its discretion here. Accidents post-dating Burnett's injury would be relevant as to whether Terex could have reasonably foreseen the particular operator misuse alleged here. In any event, that specific

3

complaint was not made to the trial court and so it has been waived. *See* TEX. R. APP. P. 33.1(a)(1). Accidents where operator misuse has not been alleged must be reported only to the Special Master, who will then determine discoverability, so Terex cannot show that it was harmed by this provision of the order. *See* TEX. R. APP. P. 44.1(a)(1). Moreover, we believe it is reasonable to allow a master to go through those incident reports to determine what relevance they have, if any, to Terex's affirmative defense. Finally, Meissner testified in deposition that assembling a list of all accident reports—without regard to the particular crane or accident type—would not be difficult. The trial court was therefore within its discretion to order production of all of those files.

Having fully reviewed relators' petition and the response filed by real party in interest, we conclude that relators have not shown themselves entitled to the relief sought and the petition for writ of mandamus should be denied. Accordingly, the petition for writ of mandamus is DENIED. Further, we hereby LIFT the stay previously imposed by this Court on December 6, 2012.

PER CURIAM

Delivered and filed the
4th day of January, 2013.

4