In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-13-00106-CV
_____

### IN RE CATERPILLAR INC.

### Original Proceeding

### MEMORANDUM OPINION

Caterpillar Inc. seeks mandamus relief in a discovery dispute in a product liability suit. After reviewing the petition, record, and response, we conclude the requests for production at issue in this proceeding generally seek to discover relevant information but are overly broad. We conditionally grant relief on that ground. *See* Tex. R. App. P. 52.8(c).

Emery Bowie died while operating a track-type tractor or bulldozer manufactured by Caterpillar. In the lawsuit filed by the real parties in interest, plaintiffs allege the bulldozer moved unexpectedly in reverse, and caused Emery to become entangled in one of the tracks. In the requests at issue in this proceeding, the Bowie plaintiffs requested:

- All records pertaining to the case of *Alfonso Lopez v. Caterpillar Inc.*, believed to be No. 2007-CI-15864, 224th Judicial District Court of Bexar County, Texas, including but not limited to plaintiffs' pleadings; all deposition transcripts including exhibits, signature pages and corrections; all written discovery requests (Disclosures, Interrogatories, Requests for Production and Requests for Production) directed to Caterpillar Inc. and all of Caterpillar's responses to those discovery requests; all reports of all of plaintiffs' liability experts; and all reports of all of Caterpillar's liability experts.

- For all Caterpillar products (mobile work machines) using electrical systems which are the same as or similar to the D6N which is the subject of this suit, all records of reports that the machine allegedly shifted into gear by itself or were subject to unintended or unexpected movement.

Caterpillar objected to these requests. The trial court overruled the objections and ordered production.

Caterpillar contends the *Lopez* litigation involved a different machine and the accidents occurred under dissimilar circumstances. According to Caterpillar, *Lopez* concerned a wheel tractor scraper, while the equipment here operates on tracks. The machines use different transmissions, gears, speed controls, steering, shifting, and engines, and have different functions. In the *Lopez* litigation, the scraper allegedly began bucking while Lopez was seated in the scraper's cab. Here, Emery was standing on the tractor's track when the tractor moved in reverse. Caterpillar contends the two products involved in the two suits are so dissimilar

that documents from *Lopez* are not relevant to the subject matter of Bowie's suit. *See* Tex. R. Civ. P. 192.3.

Caterpillar and Bowie both rely on a report prepared by Ronald Simmons for the *Lopez* plaintiffs, and on his report and testimony in *Bowie*. In the *Lopez* report, Simmons states that Lopez's accident "was caused by an intermittent functional failure of a key component of the vehicle's operator control system . . . ." "This failure caused an 'incorrect but valid' action request to be spontaneously sent to the ECM [Electronic Control Module], which caused the ECM to command an incorrect machine action, which in turn caused abrupt movements by the machine." Caterpillar points to Simmons's admission that he did not include a medium track-type tractor in the Caterpillar machines identified as having a similar system in his report for *Lopez*, and his admission to that in this case. Testifying for Bowie in a hearing before the trial court, Simmons also stated that "the system in the D6N uses the same pulse-width modulated signal communication between sensors and the ECM." In Simmons's opinion, "[g]iven that the method of communicating signals is the same, then it's going to be subject to the same defects. If you have a single wire communicating a signal, then an interruption in that single wire will interrupt the signal." "One of the manifestations of the defect of this type of a system is that the lever can be in a given position and not move, but the signal that

3

gets to the transmission will be something completely different." Simmons acknowledged that there are obvious differences between the *Lopez* and *Bowie* machines, but any differences between the electronic control systems are not significant. In Simmons's opinion, a number of aspects of the electronic control systems are "substantially similar[,]" and it is "very reasonable to expect that the defects would be the same or very similar."

The trial court has considerable discretion in determining the scope of discovery in a particular case. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998). In this case, the trial court had information that allowed the trial court to determine that discovery from the *Lopez* lawsuit concerning the electronic control module in that case could lead to the discovery of admissible evidence in *Bowie*. *See* Tex. R. Civ. P. 192.3(a).

The trial court must make an effort to impose reasonable discovery limits. *In re Deere & Co.*, 299 S.W.3d 819, 820 (Tex. 2009). When a party objects to overly broad discovery requests, the trial court must either sustain the objection or tailor the request to include only matters relevant to the case. *In re Mallinckrodt, Inc.*, 262 S.W.3d 469, 472-74 (Tex. App.—Beaumont 2008, orig. proceeding). "[R]equiring document production from an unreasonably long time period or from

4

distant and unrelated locales" is impermissibly overbroad and subject to correction by mandamus. *In re CSX Corp.*, 124 S.W.3d 149, 152-53 (Tex. 2003).

Bowie's request for the *Lopez* file asked for "[a]ll records." The request is not limited to those documents designated and following "including" in the request. The request did not limit the requested *Lopez* documents to those containing discovery information about the electronic control module that Simmons stated is the same or similar to the electronic control system involved in this case. *See Mallinckrodt*, 262 S.W.3d at 473-74; *In re TIG Ins. Co.,* 172 S.W.3d 160, 167 (Tex. App.—Beaumont 2005, orig. proceeding).

The other document request at issue here is also overbroad. Bowie requests "all records of reports that the machine allegedly shifted into gear by itself or were subject to unintended or unexpected movement" for any Caterpillar mobile work machines "using electrical systems which are the same as or similar to the D6N which is the subject of this suit[.]" The request provides no time restriction. From one of the records provided to this Court in this proceeding, it appears that at one point the trial court may have decided to limit certain discovery to track-type tractors manufactured from 2000 to the present, but the record is unclear with regard to the particular discovery issue under consideration then. Neither Bowie's discovery requests nor the trial court's orders provide any limit on the scope of the

production required other than that the electronic control module be the same or "similar," without further clarifying the documents being sought. Caterpillar objected that the term "similar" is vague. Bowie argues they do not know when Caterpillar began using this particular electronic control module, and Caterpillar should be required to demonstrate that the document production would be too burdensome. But the proponent of discovery covering a long period of time and large number of products must "make a threshold evidentiary showing to demonstrate how the discovery will result in the production of relevant evidence." *Mallinckrodt*, 262 S.W.3d at 473. The trial court must require a threshold demonstration of a reasonable time limit for those documents relating to the electronic control module at issue, and require a definition of similarity calculated to lead to the discovery of admissible evidence.

We conditionally grant the petition for writ of mandamus. We are confident the trial court will vacate its orders of December 19, 2012, and February 28, 2013. With respect to the relief granted herein, the writ will issue only if the trial court fails to act promptly in accord with this opinion.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

6

Submitted on April 9, 2013
Opinion Delivered May 9, 2013

Before McKeithen, C.J., Gaultney and Horton, JJ.