

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00449-CV

IN RE TEXAS FARMERS INSURANCE                                 RELATORS
COMPANY, FARMERS INSURANCE
EXCHANGE AND FARMERS TEXAS
COUNTY MUTUAL INSURANCE
COMPANY

------------

ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

In a single issue, Relators Texas Farmers Insurance Company, Farmers Insurance Exchange, and Farmers Texas County Mutual Insurance Company ask this court for relief from Respondent the Honorable Patrick Ferchill's order requiring them to produce documents in response to Real Party in Interest (RPI)

---

[1]*See* Tex. R. App. P. 47.4.

James Holiday's discovery requests.[2]   We conditionally grant relief, vacating Respondent's order to provide information in response to requests for production Nos. 4, 6, 9, 10, 11, 12, and 13 to allow RPI the opportunity to tailor the requests for production as discussed at the hearing on the motion to compel, to allow Relators to file a privilege log for the documents that they claim are privileged, and to allow Respondent the opportunity to then review the documents in camera to determine which, if any, are not privileged.

## II. Background

In 2010, on the way home from drinking alcohol at Railhead Smokehouse, Jeffery Herron fell off an all-terrain vehicle (ATV) owned and operated by Todd Jarvis, who had a homeowner's policy, a personal umbrella policy, and a personal automobile policy with Relators.   Herron sued Jarvis and Railhead; Railhead countered against Jarvis for negligently causing Herron's injuries. Relators agreed to provide a defense to Jarvis under the homeowner's and umbrella policies, under a full reservation of their rights and defenses, but not under the automobile policy.   Relators then filed for declaratory relief, seeking a declaration that they had no duty to defend or indemnify Jarvis under any of the policies.   They attached the policies to the petition.

Jarvis counterclaimed, seeking a declaration that Relators had a duty to defend and indemnify him, arguing that the ATV fell within the "lawn, garden, or

---

[2]Holiday is the successor guardian of the estate of Jeffery Herron.

2

farm equipment" exception to the motor vehicle exclusion in the homeowner's policy and claiming that Relators had violated insurance code chapter 541 by asserting their reservation of rights and attempting to avoid contractual liability. RPI filed a cross-action, seeking the same declaration and relief as Jarvis. RPI sent his first request for production to Relators, and Relators responded and objected to the following requests that are at issue here:

Request No. 4: Please produce complete copies of all claims manuals or training materials, or other materials that address the handling of liability claims under homeowners policies.

Response: Objection, work product privilege. Objection, not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs[] object to this request for production because this matter has been abated. Plaintiffs[] also object because the probative value, if any, is outweighed by the burden of producing this information. Plaintiffs[] object to this request because it is a request for confidential and proprietary information.

. . . .

Request No. 6: Please produce all documents pertaining to the "Motor Vehicle" exclusion in the homeowners policy issued to the Jarvis[] family.

Response: Objection, work product and attorney client privileges. Objection, not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs[] object to this request for production because this matter has been abated. You already have a copy of the policy. Subject to these objections, a disk containing photographs, depositions and other documents has been produced.

. . . .

Request No. 9: Provide all documents pertaining to any and all liability claims for which a defense was provided with reservations to one of your insureds because of the exceptions to the "Motor

3

Vehicle" exclusion in the homeowners policy with the language used in the policy issued to the Jarvis[] family.

Response:   Objection, work product privilege and attorney client privilege.   Objection, not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs[] object to this request for production because this matter has been abated.  Plaintiffs[] also object because the probative value, if any, is outweighed by the burden of producing this information.   Plaintiffs[] object to this request because it is a request for confidential and proprietary information.

Request No. 10:   Provide all documents pertaining to any and all liability claims for which a defense was provided without reservation to one of your insureds because of the exceptions to the "Motor Vehicle" exclusion in the homeowners policy with the language used in the policy issued to the Jarvis[] family.

Response:   Objection, work product privilege and attorney client privilege.   Objection, not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs[] object to this request for production because this matter has been abated.  Plaintiffs[] also object because the probative value, if any, is outweighed by the burden of producing this information.   Plaintiffs[] object to this request because it is a request for confidential and proprietary information.

Request No. 11:   Provide all documents pertaining to any and all liability claims for which indemnity payments were paid on behalf of your insured because of the exceptions to the "Motor Vehicle" exclusion in the homeowners policy with the language used in the policy issued to the Jarvis[] family.

Response:   Objection, work product privilege and attorney client privilege.   Objection, not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs[] object to this request for production because this matter has been abated.  Plaintiffs[] also object because the probative value, if any, is outweighed by the burden of producing this information.   Plaintiffs[] object to this request because it is a request for confidential and proprietary information.

4

Request No. 12:  Provide all documents pertaining to the types of vehicles for which liability coverage was provided because of the language of the exceptions to the "Motor Vehicle" exclusion in the homeowners policy with the language used in the policy issued to the Jarvis[] family.

Response:  Objection, work product privilege and attorney client privilege.  Objection, not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs[] object to this request for production because this matter has been abated.  Plaintiffs[] also object because the probative value, if any, is outweighed by the burden of producing this information.  Plaintiffs[] object to this request because it is a request for confidential and proprietary information.

Request No. 13:  Provide all documents pertaining to any [sic] and motor vehicles included as an exception to the "Motor Vehicle" exclusion in the homeowners policy since the vehicle was lawn, garden or farm equipment.

Response:  Objection, work product privilege and attorney client privilege.  Objection, not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiffs[] object to this request for production because this matter has been abated.  Plaintiffs[] also object because the probative value, if any, is outweighed by the burden of producing this information.  Plaintiffs[] object to this request because it is a request for confidential and proprietary information.

RPI filed a motion to compel, complaining that he had agreed to maintain confidentiality of any proprietary information and arguing that he sought information regarding the insurance policy and its procedural handling as determinative of the defense in the suit and his counterclaim.  He also argued that he had a substantial need for the information that Relators claimed was subject to work-product privilege and that he would be unable to obtain the substantial equivalent of it by other means without undue hardship.

5

Relators responded by arguing that their claims manual and the documents underlying the coverage determination were not reasonably calculated to lead to the discovery of admissible evidence, were confidential and proprietary information, and were subject to attorney-client and work-product privileges. Relators argued that the action was a coverage action with no bad faith asserted by any party, making No. 4 irrelevant. Relators argued that the documents requested in Nos. 6, 9, 10, 11, 12, and 13 were germane to the issues being litigated and were therefore subject to attorney-client and work-product privileges. They did not attach any affidavits or other evidence besides their responses to the requests for production.

At the hearing on the motion to compel, Relators argued that No. 4 was overbroad, irrelevant, unduly burdensome, a fishing expedition, and violated attorney-client privilege but said that if it were tailored to the facts of the case, they would answer it. RPI's counsel said that he would limit No. 4, and Relators said that if the request were resubmitted or the order rewritten to include the limitation, they would respond to it without further objection. Prior to granting the motion, Respondent indicated that he would be amenable to No. 4 being refined and encouraged the parties to refine it; however, in his order, Respondent granted No. 4 without limiting it.

Relators argued at the hearing that attorney-client privilege applied as to Nos. 6, 9, 10, 11, 12 and that work-product privilege applied to Nos. 6 and 9–13. At the conclusion of the hearing, Respondent overruled Relators' objections and

6

required production of responsive information and documents by December 20, 2013. This court issued a stay of Respondent's order compelling production to consider Relators' mandamus petition.

## III. Discovery

Relators complain that the trial court abused its discretion by overruling their objections to requests for production Nos. 4, 6, 9, 10, 11, 12, and 13 because the requests were irrelevant, overbroad, and unduly burdensome and violate the work product and attorney-client privileges and that they have no adequate remedy by appeal.[3]

### A. Standard of Review and Applicable Law

Mandamus will issue to correct a discovery order if the order constitutes a clear abuse of discretion and there is no adequate remedy by appeal. *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 887 (Tex. 2010) (orig. proceeding); *In re Kings Ridge Homeowners Ass'n, Inc.*, 303 S.W.3d 773, 778 (Tex. App.— Fort Worth 2009, orig. proceeding). When determining whether the trial court abused its discretion, we are mindful that the purpose of discovery is to seek the truth so that disputes may be decided by what the facts reveal, not by what facts are concealed. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding). The rules governing discovery do not require as a

---

[3]In his response to Relators' petition, RPI argues that Relators failed to reassert these objections at the hearing, but the record reflects—as set out above—that Relators raised these objections at the hearing.

prerequisite to discovery that the information sought be admissible; it is enough that the information appears reasonably calculated to lead to the discovery of admissible evidence. *See* Tex. R. Civ. P. 192.3(a). But this broad grant is limited by the legitimate interests of the opposing party to avoid overly broad requests, harassment, or disclosure of privileged information. *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding).

Appellate courts will not intervene to control incidental trial court rulings when an adequate remedy by appeal exists. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). An appeal is inadequate when a party is in danger of losing substantial rights, such as when the appellate court would not be able to cure the trial court's discovery error, when the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error, or when the trial court disallows discovery and the missing discovery cannot be made a part of the appellate record or the trial court, after proper request, refuses to make it part of the record. *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 210–11 (Tex. 2004) (orig. proceeding). Appellate courts must consider whether the benefits of mandamus review outweigh the detriments when determining whether appeal is an adequate remedy. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding).

A clear abuse of discretion warranting correction by mandamus occurs when a trial court's decision is without basis or guiding principles of law. *Kings*

8

*Ridge*, 303 S.W.3d at 778.  A trial court abuses its discretion by ordering discovery that exceeds that permitted by the rules of procedure.  *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding).

Rule 193.3 requires that a party who claims that material or information responsive to written discovery is privileged state in the response to discovery or in a separate document:  (1) that information or material responsive to the request has been withheld; (2) the request to which the information or material relates; and (3) the privilege or privileges asserted.  Tex. R. Civ. P. 193.3(a). The party seeking discovery may then serve a written request that the withholding party identify the information and material withheld, and within fifteen days of service of that request, the withholding party must serve a response that (1) describes the information or materials withheld that, without revealing the privileged information itself or otherwise waiving the privilege, enables other parties to assess the privilege's applicability, and (2) asserts a specific privilege for each item or group of items withheld.  Tex. R. Civ. P. 193.3(b).  Rule 193.4 provides for a hearing with regard to assertions of privilege and for in camera review if determined necessary by the trial court.  Tex. R. Civ. P. 193.4.  A trial court abuses its discretion when it fails to conduct an adequate in camera inspection of documents when such a review is critical to evaluation of a privilege claim.  *In re Living Ctrs. of Tex., Inc.*, 175 S.W.3d 253, 261 (Tex. 2005) (orig. proceeding).  Trial courts "'must make an effort to impose reasonable discovery

9

limits.'"  *In re Allstate Cnty. Mut. Ins. Co.*, 227 S.W.3d 667, 668 (Tex. 2007) (orig. proceeding) (quoting *CSX*, 124 S.W.3d at 152).

## B.  Analysis

RPI's counsel never requested a privilege log, and the trial court granted the motion to compel despite Relators' offer at the motion hearing to produce a privilege log and to submit documents for in camera inspection.  *See* Tex. R. Civ. P. 193.3.  Respondent therefore had nothing to review to base his decision to overrule Relators' objections based on the attorney-client and work-product privileges.  Further, although all of the parties agreed at the hearing to narrow request for production No. 4, Respondent's written order does not reflect this modification.  And, as set out above and argued by Relators, the discovery requests at issue, which seek "all" documents without regard to any limitation as to time, are facially overbroad as to breadth and scope.  *See Allstate*, 227 S.W.3d at 669 (noting that discovery requests that are overbroad as to time, location, and scope and that can easily be more narrowly tailored to the dispute at hand are improper); *see also In re Deere & Co.*, 299 S.W.3d 819, 821 (Tex. 2009) (orig. proceeding).

Therefore, we sustain Relators' sole issue and vacate Respondent's order to allow RPI the opportunity to tailor the requests for production as discussed at the hearing on the motion to compel, to allow Relators to file a privilege log for the documents that they claim are privileged, and to allow Respondent the

opportunity to then review the documents in camera to determine which are not privileged.

## IV.  Conclusion

Having sustained Relators' sole issue, we conditionally grant relief.  The stay will be lifted after the parties notify this court that RPI has tailored his requests for production at issue here, Relators have produced a privilege log, and Respondent has had an opportunity to review Relators' documents to determine whether the attorney-client or work-product privileges apply.  The writ will issue only in the event that the parties and Respondent fail to comply within thirty days of the date of this opinion.

/s/ Bob McCoy

BOB MCCOY
JUSTICE

PANEL:  MCCOY, MEIER, and GABRIEL, JJ.

DELIVERED:  January 30, 2014