# Supreme Court of Texas

No. 21-0134

In re Contract Freighters, Inc., d/b/a CFI, and Randall Scott Folks,

*Relators*

On Petition for Writ of Mandamus

**PER CURIAM**

Relator Contract Freighters, Inc. and Randall Folks (CFI) filed a petition for writ of mandamus challenging certain discovery rulings in the underlying vehicle-collision lawsuit. After this Court requested a response to the petition, the real parties in interest—Jimmy and Paula McPherson—withdrew the discovery requests that CFI had challenged. This step, the McPhersons contend, renders CFI's petition moot and deprives this Court of jurisdiction. Such a unilateral withdrawal is insufficient to moot the controversy, particularly when undertaken as appellate scrutiny grows imminent. We thus have jurisdiction to proceed to the merits. We conditionally grant mandamus relief because the challenged rulings, which remain in place, contravene this Court's precedents regarding discovery requests that are overbroad as a matter

of law.

The McPhersons sued CFI and Folks for negligence, negligence per se, and gross negligence after Folks's tractor trailer rear-ended the McPhersons' vehicle. CFI employed Folks and owned the tractor trailer. The McPhersons argue that CFI is liable for Folks's actions as his employer and because it (1) negligently hired, entrusted, trained, supervised, and retained Folks; (2) negligently established, implemented, and enforced safety policies and procedures; and (3) provided unsafe equipment.

In the course of discovery, the McPhersons served five interrogatories on CFI. One of them requested the following: "For the previous 10 years, please list each law suit arising out of motor vehicle collisions involving CFI as a Defendant providing the jurisdiction, case style, date of collision, and date of the filing of the lawsuit." CFI objected to that collision-history interrogatory as "overbroad, not likely to lead to relevant evidence, and seeking privileged materials."

The McPhersons also sought a third-party deposition of the U.S. Department of Transportation (USDOT) through written questions that requested two categories of records concerning CFI. First, the McPhersons sought any records of CFI's actions or omissions that occurred on May 12, 2020 (the date of the accident). Second, they sought documents concerning CFI in general from January 1, 2010 until October 20, 2020. CFI moved to quash the deposition, arguing that the request for documents about CFI for a 10-year window was overbroad as to scope and time.

The trial court held two hearings on the parties' discovery

2

disputes. After the first hearing, the trial court limited the McPhersons' request for materials from USDOT to "similar collisions to the accident at issue occurring in the United States involving CFI vehicles similar to the one driven by Defendant for the past 5 years." The McPhersons revised their request to USDOT to seek only documents concerning rear-end collisions involving CFI from May 12, 2015 to May 12, 2020 (and also kept their request for any records concerning CFI actions or omissions that occurred on May 12, 2020).

CFI again moved to quash, this time based on the objection that the McPhersons had not tailored their revised request to similar accidents, as the trial court had ordered. The McPhersons, in turn, moved to compel discovery, including a response to the collision-history interrogatory served on CFI. After the second hearing, the trial court denied CFI's subsequent motion to quash; it also granted in part and denied in part the McPhersons' motion to compel. The court limited the collision-history interrogatory to lawsuits arising from "rear end collisions occurring 5 years previous to the collision that forms the basis of this suit" and ordered CFI to provide a response by January 25, 2021. CFI sought a write of mandamus in the court of appeals, which denied relief.

CFI then brought a mandamus petition to this Court. After we requested a response to the petition, the McPhersons' counsel notified CFI's counsel that the McPhersons had withdrawn the collision-history interrogatory and the USDOT deposition notice. The McPhersons did not inform the trial court, and the trial court did not vacate its order

regarding the challenged discovery requests.[1]

The McPhersons subsequently moved to dismiss CFI's mandamus petition as moot. The McPhersons are correct that this Court lacks jurisdiction over a moot case. *See, e.g.*, *Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634 (Tex. 2021). Accordingly, we may not reach the merits before ensuring that our jurisdiction is secure. *See Abbott v. Anti-Defamation League Austin, Sw., & Texoma Regions*, 610 S.W.3d 911, 917 (Tex. 2020).[2]

A case or part of a case (like the discovery dispute here) will become moot if "a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005). But mootness is not readily found, particularly when a party has taken steps to cause mootness.

We need not delve too deeply into the law of mootness to confirm that the dispute here is not moot. Our opinion in *In re Allied Chemical Corp.*, 227 S.W.3d 652 (Tex. 2007), shows why. In that air-pollution case, nearly 1,900 plaintiffs sued 30 defendants. *Id.* at 654. The trial

---

[1] The McPhersons did, however, serve amended interrogatories on CFI that dropped the collision-history interrogatory, and withdrew the USDOT deposition notice by contacting the court-reporting service that had issued the notice.

[2] The McPhersons argue that CFI waived any mootness challenge by failing to address mootness in its brief on the merits. In fact, CFI addressed the McPhersons' mootness arguments in both its response to the McPhersons' motion to dismiss and its reply brief. Regardless, questions of subject-matter jurisdiction are not subject to the ordinary principles of waiver.

4

court set a consolidated trial for five unrelated plaintiffs with six months' notice. *Id.* After the court of appeals denied mandamus relief, Defendants then sought mandamus in this Court, which granted a stay and called for briefing. *Id.* *Then* "the plaintiffs retreated," and successfully asked the trial court to deconsolidate the cases set for trial. *Id.* at 654-55. We concluded that the withdrawal did not moot the mandamus petition. *Id.* Plaintiffs did not "give any assurance that they will not seek future consolidated trials," which meant that "review [of the consolidation issue could] be evaded by the modification of orders pending mandamus proceedings . . . ." *Id.* We refused to "encourage parties to manipulate pretrial discovery to evade appellate review." *Id.*

The dispute here is likewise not moot. The McPhersons and CFI could have compromised on the discovery requests after the trial court issued its discovery order, but the McPhersons instead waited until after this Court requested a response to CFI's mandamus petition to withdraw their contested discovery requests. We cautioned in *Allied Chemical* that "[p]retrial cannot be conducted one way when appellate courts are looking and another way when they are not." *Id.* at 655. Like the plaintiffs in *Allied Chemical*, the McPhersons have provided no enforceable assurances via a Rule 11 agreement, a binding covenant, or anything else that would provide sufficient certainty that they would not refile the same or similar requests if the Court dismissed CFI's petition. *See id.* They have not submitted to the trial court any signed agreements accompanying a request to vacate the order.[3] Unilateral

---

[3] The comparable dispute in *Allied Chemical* was not rendered moot even when the trial court's orders *were* formally withdrawn, 227 S.W.3d at 655,

5

and unenforceable withdrawal of discovery, without any assurances that the withdrawal is definite, and at the very hour "appellate courts are looking," does not moot a discovery dispute.

We have described the burden of "[p]ersuading a court that the challenged conduct cannot reasonably be expected to recur" as "heavy." *Matthews v. Kountze Indep. Sch. Dist.*, 484 S.W.3d 416, 418 (Tex. 2016) (quotation omitted). The McPhersons have not met that burden. Our jurisdiction is thus secure.

We therefore proceed to the merits. CFI argues that the collision-history interrogatory and the USDOT deposition notice are overbroad in time and scope and unlikely to lead to the discovery of useful information. We agree. The discovery requests, as approved by the trial court, require CFI and USDOT to produce records for every rear-end accident involving CFI nationwide from May 12, 2015 to May 12, 2020. These requests are not reasonably tailored to the McPhersons' claims or the factual circumstances of the accident at issue in this case.

A discovery order that compels production well outside the bounds of proper discovery is an abuse of discretion for which mandamus is the proper remedy. *See In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014). Requests must show a reasonable expectation of obtaining information that will aid the dispute's resolution. TEX. R. CIV.

---

so here—where the challenged order formally remains in effect—mootness is even less likely. To be clear, a trial court's withdrawal of a challenged order may not be *necessary* to find mootness, but neither, as *Allied Chemical* shows, is such an action automatically sufficient, at least without more. A party asserting mootness who has not even asked the trial court to vacate the order, however, will find it more difficult to persuade an appellate court that the party's unilateral action has mooted the dispute.

6

P. 192.3(a); *see In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003). Whether a request for discovery is overbroad is distinct from whether it is burdensome or harassing. *In re Allstate Cty. Mut. Ins. Co.*, 227 S.W.3d 667, 670 (Tex. 2007). It is improper for courts to enforce overbroad requests for irrelevant information regardless of whether the requests are burdensome. *Id.*

The discovery requests at issue here are of a piece with those that this Court has repeatedly rejected as impermissible fishing expeditions. *See, e.g.*, *In re Ford Motor Co.*, 427 S.W.3d 396, 397 (Tex. 2014) (request for "detailed financial and business information for all cases the companies have handled for Ford or any other automobile manufacturer from 2000 to 2011" was overbroad); *In re Dana Corp.*, 138 S.W.3d 298, 302 (Tex. 2004) (request for inapplicable insurance policies covering fifteen years of exposure was overbroad).

Other cases also compel a finding that the McPhersons' requests were impermissibly broad. In *Dillard Department Stores, Inc. v. Hall*, we held that "a twenty-state search for documents over a five-year period is overly broad *as a matter of law*." 909 S.W.2d 491, 492 (Tex. 1995) (emphasis added). In that false-arrest case, the trial court ordered a company with stores in twenty states to produce (1) every claim file and incident report for a five-year period that involved allegations of false arrest, civil rights violations, and excessive use of force and (2) a computer-generated list of those claims. *Id.* The requests in this vehicle-collision lawsuit for a list of unrelated lawsuits in which CFI was previously involved and for USDOT records from all fifty states over a five-year period are also overly broad as a matter of law.

7

Similarly, in *In re National Lloyds*, we found insurance claims of unrelated third parties to be outside the proper scope of discovery in a dispute between an insured and insurer. 449 S.W.3d at 489-90.. "Scouring claim files in the hopes of finding similarly situated claimants whose claims were evaluated differently from [the plaintiff's] is at best an impermissible fishing expedition." *Id.* at 489 (quotation omitted). Scouring a list of lawsuits and USDOT records from all over the country here, with the hope of finding similarly situated accidents, is likewise an impermissible fishing expedition.

The McPhersons do not attempt to show how a nationwide search over a five-year period reasonably advances their claims against CFI. To further extend the familiar metaphor, such requests, without appropriate limits as to "time, place or subject matter," are "not merely an impermissible fishing expedition; [they are] an effort to dredge the lake in hopes of finding a fish." *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995).

Because the discovery ordered is overbroad, the trial court abused its discretion and mandamus is the proper remedy. Therefore, without hearing oral argument, pursuant to Texas Rule of Appellate Procedure 52.8(c), the Court conditionally grants a writ of mandamus to direct the trial court to vacate its order granting the McPhersons' motion to compel and denying CFI's objection and motion to quash. *See In re Deere & Co.*, 299 S.W.3d 819, 820 (Tex. 2009). We trust that the trial court will comply, and the writ will issue only if it fails to do so.

**OPINION DELIVERED:** June 17, 2022

8