

# NUMBERS 13-22-00562-CV & 13-22-00598-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE CIRRUS DESIGN CORPORATION D/B/A CIRRUS AIRCRAFT

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Silva
Memorandum Opinion by Justice Silva[1]**

By separate petitions for writ of mandamus which we have consolidated, relator

Cirrrus Design Corporation d/b/a Cirrus Aircraft (Cirrus) contends that the trial court[2]

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] Cirrus designated the respondent in these original proceedings as the Honorable Robert Vargas; however, Judge Vargas's term of office expired on December 31, 2022, and he was succeeded in office by the Honorable Todd Robinson. *See id.* R. 52.2. Accordingly, we abated and remanded these matters to allow Judge Robinson to reconsider the rulings at issue. *See id.* R. 7.2(b). After holding a hearing on these

abused its discretion by requiring Cirrus to respond to overly broad and unduly burdensome discovery requests and by entering a "sharing" protective order.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker*, 827 S.W.2d at 840. A discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy. *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding); *In re Deere & Co.*, 299 S.W.3d 819, 820 (Tex. 2009) (orig. proceeding) (per curiam); *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (per curiam); *see In re Shipman*, 540 S.W.3d 562, 565 (Tex. 2018) (orig. proceeding) (per curiam). Further the scope of a protective order may be subject to review by mandamus. *See, e.g., Garcia v. Peeples*, 734 S.W.2d 343, 346–48 (Tex. 1987) (orig. proceeding).

The Court, having examined and fully considered the petitions for writ of

---

matters, Judge Robinson issued orders which were either identical to those orders issued previously or were marginally more expansive. We have received and reviewed supplemental records and briefing from the parties regarding the events on remand and the rulings at issue here.

2

mandamus, the records and supplemental records, the responses filed by the real parties in interest, and all supplemental briefing, is of the opinion that Cirrus has not met its burden of proof to obtain mandamus relief. First, Cirrus's contentions regarding the breadth and relevance of the discovery at issue fail to acknowledge that the record contains disputed facts that directly concern these matters. *See In re Woodfill*, 470 S.W.3d 473, 478 (Tex. 2015) (orig. proceeding) (per curiam). In fact, Cirrus failed to include some of the documents evidencing factual disputes within its own mandamus record. *See* TEX. R. APP. P. 52.7. Second, the scope of the discovery ordered, which encompasses the specific aircraft at issue and one other model of that aircraft, is appropriately restrained in terms of relevance. *See In re Exmark Mfg. Co.*, 299 S.W.3d 519, 525–30 (Tex. App.—Corpus Christi–Edinburg 2009, orig. proceeding [mand. dism'd]). Third, Cirrus has not shown that the protective order, which contains provisions contemplating further court involvement and allowing additional protection for specified documents, fails to properly balance its proprietary needs with public policies regarding full and fair disclosure. *See Garcia*, 734 S.W.2d at 346–48; *see also In re Cont'l Gen. Tire, Inc.*, 979 S.W.2d 609, 610 (Tex. 1998) (orig. proceeding). Accordingly, we lift the stay previously imposed in these cases. *See* TEX. R. APP. P. 52.10. We deny the petitions for writ of mandamus and all relief sought therein.

CLARISSA SILVA
Justice

Delivered and filed on the
11th day of May, 2023.

3